TRUJILLO & TRUJILLO, APLC
Robert Trujillo, Esq. (CA SBN 148975)
Melody Trujillo, Esq. (CA SBN 165218)
41593 Winchester Road, Suite 201
Temecula, CA 92590
Tel:  951-296-9529
Email:  trulaw@trujillo-law.us

Suzanne Skolnick, Esq. (CA SBN 211076)
2888 Loker Avenue East, Suite 110-F
Carlsbad, CA  92010
Tel: 760-405-4397
Email:  suzanne@skolnicklawgroup.com

Lewis Khashan, Esq. (CA SBN 275906)
KHASHAN LAW FIRM
38975 Sky Canyon Drive, Suite 201
Murrieta, CA  9253
Tel: (951) 775-7279
Email:lewis@khashanlaw.com

Attorneys for Plaintiffs Mary H. Garcia, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY H. GARCIA, individually and as successor-in-interest to Estate of Phillip Soto Garcia, Jr., (Deceased); ANGELO GARCIA; PHILLIP J. GARCIA; and FRED A. TORO; | ) **Case No. 5:18-cv-839**<br>)<br>)<br>) **PLAINTIFFS' COMPLAINT FOR**<br>) **DAMAGES AND VIOLATIONS OF**<br>) **CIVIL RIGHTS** |
| Plaintiffs, | )<br>) **JURY TRIAL DEMANDED** |
| v. | ) |
| COUNTY OF RIVERSIDE; STANLEY SNIFF, Sheriff of Riverside County; WILLIAM DI YORIO, Undersheriff; JULIO IBARRA, Senior | )<br>)<br>)<br>) |

**1**

Safety Coordinator for Riverside )
County; JERRY GUTIERREZ, )
Corrections Assistant Sheriff; DAVID )
KONDRIT, Captain; SERGEANT )
MAGANA, Correctional Sergeant; )
CITY OF CATHEDRAL CITY; )
Officer CLADIU MURZEA, Officer )
DANIEL ANES; Officer JOSEPH )
BROOKS; Officer MATTHEW )
BUEHLER and DOES 1-100, )
          Defendants. )
  )
_____)

## PRELIMINARY STATEMENT

1. On March 22, 2017, Plaintiffs' decedent, Phillip Soto Garcia, Jr., age 51, died as a direct and proximate result of acts and/or omissions of employees of the County of Riverside and Cathedral City. Deputies, police officers and medical staff of the Riverside County Sheriff's Department and Cathedral City Police Department, failed to provide for the safe care and custody of Phillip Soto Garcia, Jr. ("Decedent") both at the time of his arrest and after housing him at Larry D. Smith Correction Facility ("LSCF"), when it was apparent to all involved that Decedent was undergoing an involuntary severe psychiatric episode requiring immediate mental health treatment.

2. Riverside County Sheriff's Department and Cathedral City Police Department employees were deliberately indifferent to Mr. Garcia's serious medical needs; exercised excessive force upon Mr. Garcia and failed to administer

**2**

prompt and adequate medical attention resulting in injury upon arrest; injury during detainment; injury from twenty plus hours of solitary confinement; and ultimately death by homicide following confinement in a four point restraint chair.

## JURISDICTION

3. This is a civil rights wrongful death/survival action relating to the death of Decedent Phillip Soto Garcia, Jr., which arises under Title 42 of the United States Code, Sections 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367, to hear and decide claims arising under state law. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## VENUE

4. The unlawful acts and practices alleged herein occurred in the County of Riverside, State of California, within this judicial district.  Therefore, venue lies in the United States District Court for the Central District of California.

## CLAIMS REQUIREMENT

5. Plaintiffs have complied with the requirements of California Government Code section 900, et seq., where an action for state court claims is filed against a

public entity and its employees.

## SUCCESSOR-IN-INTEREST AFFIDAVIT FILED

6. An appropriate affidavit in compliance with California Code of Civil Procedure §377.32 supporting MARY H. GARCIA's right to bring a survival action on behalf of the Estate of Phillip Soto Garcia, Jr., is concurrently filed with this pleading and incorporated herein by reference.

7. Mary H. Garcia, in her capacity as Successor-in-Interest to the Estate of Phillip Soto Garcia, Jr. was the wife of Phillip Soto Garcia, Jr. at the time of his death and is therefore successor-in-interest to the Estate of Phillip Soto Garcia, Jr.

## PARTIES

8. At all relevant times, Phillip Soto Garcia Jr., ("Decedent") was an individual residing in the County of Riverside, State of California.

9. Plaintiff, MARY H. GARCIA, individually and as Successor-in-Interest to the Estate of Phillip Soto Garcia, Jr., is, and at all times mentioned herein was, a resident of the State of California.  Mary H. Garcia is the wife of Decedent and brings this action both in her own right based on the loss of her husband pursuant to Code of Civil Procedure section 377.60, and in her representative capacity as successor-in-interest to the Decedent's estate.

10. Plaintiff, ANGELO GARCIA, is, and at all times mentioned herein was, a resident of the State of California.  Angelo Garcia is the son of Decedent and

**4**
**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

brings this action in his own right based on the loss of his father.

11. Plaintiff, PHILLIP JAMES GARCIA, is, and at all times mentioned herein was, a resident of the State of California.  Phillip James Garcia is the son of Decedent and brings this action in his own right based on the loss of his father.

12. Plaintiff, FRED ANTHONY TORO, is, and at all times mentioned herein was, a resident of the State of California.  Fred Anthony Toro is the defacto son of Decedent and brings this action in his own right based on the loss of his relationship with the Decedent.

13. Defendant COUNTY OF RIVERSIDE (hereinafter "County") is a public entity which is responsible for and administers the Larry D. Smith Correctional Facility (hereinafter "LSCF") through its agency, the Riverside County Sheriff's Department (hereinafter "RCSD").  County promulgates policies and practices for the housing, custody, care, safekeeping and protection of inmates in the LSCF.  At all times relevant, County was responsible for ensuring that the actions, policies, procedures, practices and customs of the Riverside County Sheriff's Department and its employees and agents complied with the laws of the Constitution of the United States and of the State of California along with all requirements required by the Commission for Peace Officer Standards and Training (hereinafter referred to as "POST"), the respective Policy and Procedure manuals of each department herein named, and their departmental mission

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

statements.

14. Defendant CITY OF CATHEDRAL CITY (hereafter "City") is a public entity located in California and is the employer of officers of the Cathedral City Police Department.

15. Defendant STANLEY SNIFF (hereafter "Sniff") is, and at all times herein mentioned was, the Sheriff of Riverside County.  As Sheriff of Riverside County, Sniff has ultimate supervision and management responsibility over the five jails, or correctional facilities in Riverside County, all managed by the Sheriff's Department Corrections Division.  Sheriff Sniff ran, operated, oversaw, administered, supervised and was otherwise responsible for the conduct of the Riverside County Sheriff's Department at LSCF, including the conduct of emergency medical response teams at the jail. Sniff at all times possessed the power and the authority and was charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the Riverside County Sheriff's Department and/or was the supervisor of the other defendant officers named herein.  Sniff is sued in his personal/individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, or for his acquiescence in the constitutional deprivations alleged herein.

16. Defendant WILLIAM DI YORIO (hereafter "Di Yorio") is, and at all

times herein mentioned was, the Undersheriff of Riverside County. Di Yorio ran, operated, oversaw, administered, supervised and was otherwise responsible for the conduct of the RCSD at the LSCF.

17. Defendant JULIO IBARRA (hereafter "Ibarra") is, and at all times herein mentioned was, the Senior Coordinator for the County of Riverside. Ibarra ran, operated, administered, supervised and was otherwise responsible for safety policies and procedures for the Riverside County jail system, including the LSCF. Ibarra was also responsible for the protection, care and custody of the inmates at LSCF and for carrying out the policies and procedures of LSCF and the Riverside County Sheriff's Department.

18. Defendant JERRY GUTIERREZ (hereafter "Gutierrez") is, and at all times herein mentioned was, the Corrections Assistant Sheriff of Riverside County.  Gutierrez ran, operated, oversaw, administered, supervised and was otherwise responsible for the conduct of the RCSD at LSCF. Gutierrez was also responsible for the protection, care and custody of the inmates at LSCF and for carrying out the policies and procedures of LSCF and the Riverside County Sheriff's Department.

19. Defendant DAVID KONDRIT (hereafter "Kondrit") is, and at all times herein mentioned was, Captain at LSCF and ran, operated, oversaw, administered, supervised and was otherwise responsible for the conduct of the RCSD at LSCF.

Kondrit was also responsible for the protection, care and custody of the inmates at LSCF and for carrying out the policies and procedures of LSCF and the Riverside County Sheriff's Department.

20. Defendant SERGEANT MAGANA (hereafter "Magana") is, and at all times herein mentioned, was a Correctional Sergeant for the Riverside County Sheriff's Department and was charged with supervising Deputies at LSCF, responsible for the protection, care and custody of the inmates at LSCF and for carrying out the policies and procedures of LSCF and the Riverside County Sheriff's Department.

21. Defendant CLAUDIU MURZEA (hereafter "Murzea") is, and at all times stated herein was, a police officer for Cathedral City (Badge Number 1304), and a resident of California.

22. Defendant DANIEL ANES (hereafter "Anes"), is and at all times stated herein was, a police officer for Cathedral City, and a resident of California.

23. Defendant JOSEPH BROOKS (hereafter "Brooks"), is and at all times stated herein was, a police officer for Cathedral City (Badge Number 1603), and a resident of California.

24. Defendant MATTHEW BUEHLER (hereafter "Buehler"), is and at all times stated herein was, a police officer for Cathedral City (Badge Number 1611), and a resident of California.

25. Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1 – 100, inclusive, and therefore sues these defendants by fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiffs. Plaintiffs will amend this complaint to state the true names and capacities of defendants DOES 1 – 100, inclusive, when they have been ascertained.

26. DOES 1-50, inclusive are Deputies, officers, employees or agents of Defendant County of Riverside.  At all times mentioned herein, each named Doe Defendant 1 through 50, inclusive, was the agent or employee of Defendant County and, in doing the things alleged, was acting within the course and scope of such agency or employment and with the actual or implied permission, authorization and approval of the County.

27. DOES 51 – 80, inclusive are agents/employees of Defendant City of Cathedral City. At all times mentioned herein, each named Doe Defendant 51 through 80, inclusive, was the agent or employee of Defendant City and, in doing the things alleged, was acting within the course and scope of such agency or employment and with the actual or implied permission, authorization and approval of the City.

28.  DOES 81 – 100, inclusive are individuals whose identities and

employment status are presently unascertained, but who were acting within the course and scope of their employment with the actual or implied permission of their employers whose identities are currently unknown.

## STATEMENT OF FACTS

29. Plaintiffs realleges and incorporates by reference paragraphs 1-28 of this complaint as though fully set forth herein.

30. On March 22, 2017 Cathedral City Police Department Officers, including Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 responded to a 911 call to investigate a "suspicious circumstances" call.

31. The 911 caller, Susan Wentworth and her husband, James Wentworth live in the house next door to where decedent Phillip Soto Garcia Jr. resided.  The Wentworths advised Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 that Mr. Garcia had broken their window, that he had been outside yelling, and that they had no explanation for his bizarre behavior. The Wentworths each advised those officers that Mr. Garcia was not acting like himself and they did not want to press charges against Mr. Garcia for the misdemeanor vandalism. They conveyed their concern for Mr. Garcia's well-being to those officers.

32. Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 then went to Mr. Garcia's home next door to the Wentworth's residence, which is where Mr. Garcia lived with 87 year old Dwight Walker ("Mr. Walker") in order

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

to evaluate Mr. Garcia.

33. Mr. Garcia answered his door when those officers knocked and exited the residence upon demand by the officers. According to Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80, when they made first contact with Mr. Garcia, he presented with a menacing look on his face, had blood on his clothing, was shouting vulgarities and speaking incoherently.  Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 wrestled Mr. Garcia by taking him to the ground so hard that his head left a semi-circle of blood spatter on the concrete and he was then restrained and handcuffed by the four (4) officers, Murzea, Anes, Brooks and Buehler. Witnesses at the scene speak to the force of the arrest as being overly dramatic and unnecessary.

34. While the officers searched Mr. Garcia's residence, Mr. Garcia was left prone, face down, and cuffed. He continued to shout vulgarities, and babble "without apparent comprehension" as to his own welfare. Mr. Garcia was questioned while face down on the ground by Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 but failed to respond coherently as to time and situation.  Body cameras worn by those officers are noted in the police report but Cathedral City, in response to a validly served CPRA request, continues to deny release of said evidence. Paramedics arrived to treat the arrest injury received by Mr. Garcia, and they were yelled at by Mr. Garcia who was in an incoherent and

**PLAINTIFFS' COMPLAINT FOR DAMAGES,
VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

psychotic state.

35. Mr. Walker, the 87 year old housemate of Mr. Garcia was found injured in his bed.  Officer's returned to Mr. Garcia and questioned him about what they had found inside the house.

36. Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 contacted Mr. Garcia's wife who is also Mr. Walker's caretaker and who holds Mr. Walker's power of attorney. She arrived immediately on scene and provided those officers with significant information about Mr. Garcia's documented history of seizures and neurological condition.  She offered his history of seizures as a plausible explanation for his bizarre behavior. She provided information that Mr. Garcia and Mr. Walker had a father and son type relationship and further indicated that there was no history of conflict between them.

37. Mr. Walker was transported via ambulance for emergency medical care and Mr. Garcia was transported via police vehicle to Desert Regional Medical Center for treatment of a "bloody nose" as reported by the arresting officer. Despite being restrained in handcuffs, Officers used wristlocks on Mr. Garcia as he was walked into the emergency room.  During transport and at all times thereafter, Mr. Garcia continued his incoherent onslaught of vulgarities and nonsensical statements while handcuffed and restrained.  Officer Brooks, a Doe security officer and a Doe Palm Springs Police officer together restrained Mr.

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

Garcia into a chair and wheeled him into a private room. Mr. Garcia reportedly continued spewing incoherent vulgarities.  Despite the unusual conduct of Mr. Garcia and despite having been advised of his medical history and that he was not behaving like himself, Mr. Garcia was medically evaluated (no mental health evaluation of any kind was implemented) and the officers were given an "okay to book" despite having failed to tend to the mental health need pursuant to both department's policies and procedures.  Mr. Garcia was then forced back into the officer's patrol car by Defendant Brooks, Doe Palm Springs Police Officer and Doe hospital security personnel for transport.  During the trip, Defendant Brooks witnessed Mr. Garcia engaging in bizarre, self-harming behavior by beating his own head against the protective barrier, which prompted Defendant Brooks to exit the patrol car and instruct Mr. Garcia to stop the behavior.  Prior to arrival at the booking site, Defendant Brooks received orders to return Mr. Garcia for a second medical evaluation in response to Mrs. Garcia's second advisement to Cathedral City police officers that Mr. Garcia had a prior history of seizures. Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80, and each of them, failed to inform hospital staff of Mr. Garcia's seizure history at the first O.K. to book medical examination, thus a second examination and CT scan of the head was conducted on Mr. Garcia's return trip to the hospital.

38. At the second visit to Desert Regional Medical Center Mr. Garcia

**13**

underwent a CT Scan of his head. During this evaluation period, Mr. Garcia was physically aggressive, vulgar and continued his onslaught of bizarre shouting.  He was physically forced by multiple unknown persons onto a bed and bed restraints were placed on all four limbs. He received a mild medication to attempt to calm him.  Despite the medication, his abnormal demeanor continued.

39. The diagnosis for Mr. Garcia's second exam at Desert Regional Medical Center was for a " closed head injury". The head CT showed soft tissue swelling over his left frontal bone. Hospital records note that Mr. Garcia was taken to the ground by responding officers and that he was there for an arrest-related injury.

40. Mr. Garcia was eventually discharged from Desert Regional Medical Center for the second time at 11:34am on March 22, 2017. He was transported to Banning Jail  - LSCF, where he was placed in the custody of the Riverside County Sheriff's Office.

41. Defendant Brooks' body camera was reported to have been on during said times of transport of plaintiff, however, despite Plaintiff having filed a properly served CPRA request, was denied access to its contents.

42. Although Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 as well as paramedic staff were told at the arrest site that Mr. Garcia had a history of seizures and was acting in a manner that was completely out of

**14**
**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

character for him, said officers failed to perform an evaluation pursuant to Welfare and Institutions Code §5150. Had they done so, Mr. Garcia would have received emergency transport, psychiatric intervention, diagnosis and treatment. More importantly, he would still be alive today.

43.   Once Mr. Garcia was in the custody of the Riverside County Sheriff's Office on March 22, 2017, he was placed into a sobering cell alone at LSCF. It is unclear as to why Mr. Garcia was placed in a Detox cell for isolation when there was no medical indication that detoxification was warranted or medically necessary.   During the twenty (20) plus hours he was in isolation, he continuously exhibited bizarre behavior and was agitated and incoherent in his thought processes. Mr. Garcia's behavior included tearing down ceiling tiles and hanging from the ceiling. Finally, after twenty (20) plus hours of ongoing deranged and self-injurious behavior, Mr. Garcia was forcefully removed from the sobering cell by nine (9) deputies (DOES 1 to 50) when his head banging against the walls and window of the cell continued even after DOES 1 - 50 told him to stop.  Mr. Garcia was then put into a four-point restraint chair by DOES 1 - 50. DOES 1 – 50 maintained Mr. Garcia in a restrained state for an extended period of time without providing him adequate hydration, psychiatric intervention, medical monitoring, supervision and without basic human compassion or care in violation of his constitutional rights.

**PLAINTIFFS' COMPLAINT FOR DAMAGES,
VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

44.   On March 23, 2017 at approximately 10:40 am during the time that Mr. Garcia was still in the custody of the Riverside County Sheriff's Department, he was transported to Riverside University Health Center.  Medical records show that Mr. Garcia never regained mental awareness while at the hospital and spent all of his time in Riverside County Sheriff's Department custody in a psychotic state.  Plaintiffs are informed and believe and based thereon allege that Mr. Garcia was drugged, repeatedly restrained, and beaten by approximately 9 Riverside County Sheriff's Department deputies (DOES 1 to 50) on two different occasions while in the Riverside Sheriff's Department's custody.

45. When Mr. Garcia was admitted for treatment to Riverside University Health Center, his primary admitting diagnoses was rhabdomylosis (which is the rapid destruction of skeletal muscle) and acute kidney injury ("AKI"), neither of which existed at the time that he was given the original "ok to book" order. Plaintiff is informed and believes and based thereon alleges that the conditions discovered on admission to Riverside University Health Center occurred as a direct result of the acts/omissions of DOES 1 to 100 while Mr. Garcia was in their custody.

46. While at Riverside University Health Center, Mr. Garcia was kept in a portion of the facility reserved for prisoners and DOES 1 TO 50 continued to hold him in 4-point restraints and a spit mask for hours at a time.  Medical staff noted

**16**
**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

abrasions and lacerations on Mr. Garcia's body at all of his extremities due to the length of time he had been held in restraints.

47. On March 23, 2017, a request was made at approximately 10:00 p.m. for Mr. Garcia to be moved to another floor within the medical facility. Mr. Garcia however, did not survive long enough in the hands of his jailers to be moved for further treatment/evaluation because by 3:06 am on March 24, 2017, while still in the custody of the Riverside County Sheriff's Department, he died. The cause of death on Mr. Garcia's death certificate remained as "pending" for approximately one year until an amendment to the death certificate issued in 2018. The Amendment to the Death Certificate, now lists the cause of death as follows:

    a.  Sudden death in Schizophrenia;

    b.  Rhabdomyolysis in Association with Physical Exertion by subject and application of control methods;

    c.  Seizure disorder;

    d.  Hypertensive Cardiovascular Disease;

    e.  Homicide

    f.  Self-initiated physical exertion with control methods applied by law enforcement while in custody.

48. Plaintiffs allege that County of Riverside agents/employees from the Riverside Sheriff's Office and Cathedral City employees, including Defendants

Murzea, Anes, Brooks, Buehler and DOES 1 to 100, inclusive, used unlawful and excessive force against Mr. Garcia and failed to summon and administer prompt and adequate medical attention all of which caused Garcia to suffer severe injury and ultimately death.

49. Plaintiffs allege that County of Riverside agents/employees from the Riverside Sheriff's Office and Cathedral City employees, including Defendants Murzea, Anes, Brooks, Buehler and DOES 1 to 100, inclusive, knew, or should have known, that Phillip Soto Garcia, Jr. was suffering from a severe and obvious mental disorder such that it would be inappropriate to classify his as a criminal detainee, and instead, Phillip Soto Garcia, Jr. should have been classified as a Welfare and Institutions Code 5150 detainee so that appropriate mental health care and treatment would be provided to him.  As a direct and proximate result of County of Riverside agents/employees from the Riverside Sheriff's Office and Cathedral City employees, including Defendants Murzea, Anes, Brooks, Buehler and DOES 1 to 100's conduct in failing to properly assess Phillip Soto Garcia, Jr. and process him under Welfare and Institutions Code Section 5150, Phillip Soto Garcia did not receive proper medical and/or psychiatric care.

50. Additionally, Plaintiffs allege that excessive force was used on Mr. Garcia during the time of his arrest by Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80. Plaintiffs further allege that Mr. Garcia was also the victim of

excessive force during his transport to Desert Regional Medical Center for an "okay to book" and that excessive force was again used against Mr. Garcia at LSCF and at Riverside University Health Center by DOES 1 to 50.

51. Plaintiffs allege that County of Riverside agents/employees from the Riverside Sheriff's Office and Cathedral City employees, including Defendants Murzea, Anes, Brooks, Buehler and DOES 1 to 100 violated Phillip Soto Garcia, Jr.'s civil rights by using excessive force against him both during and after his arrest and by being deliberately indifferent to his serious medical and mental health needs by failing to properly evaluate and assess his medical and mental health needs upon detaining him.

52. Plaintiffs allege that County of Riverside agents/employees from the Riverside Sheriff's Office and Cathedral City employees, including Defendants Murzea, Anes, Brooks, Buehler and DOES 1 to 100 failed to communicate to subsequent entities/individuals to whom the care and custody of Phillip Soto Garcia Jr. had been transferred, vital information pertaining to his seizures, medical issues, psychotic behavior and injuries inflicted by employees of both the City and County. Said Defendants failed to warn and provide subsequent entities to whom the care and custody of Phillip Soto Garcia, Jr. had been transferred, information regarding the ongoing bizarre behavior Mr. Garcia had shown while detained. Mr. Garcia's behavior was consistent with a mental health disorder

based on his incoherent thought processes, self-injurious behavior, threats to persons not present and the basis of the arrest of alleged violence against Mr. Walker who was a beloved and respected friend of Mr. Garcia's. The fact that said behavior was out of character for Mr. Garcia and his ongoing seizure history, and clear lack of mental capacity should have been information provided to all persons providing care for Mr. Garcia.

53.     Plaintiffs allege that County of Riverside agents/employees from the Riverside Sheriff's Office and Cathedral City employees, including Defendants Murzea, Anes, Brooks, Buehler and DOES 1 to 100 failed to accommodate Mr. Garcia's obvious disability, thereby violating the Americans with Disabilities Act of 1990.

54. Plaintiffs allege that Defendants Murzea, Anes, Brooks, Buehler and Does 1 to 100, knew or had reason to know that Decedent was in need of immediate medical and psychiatric care and they failed to take reasonable action to summon such medical care.  Said Defendants had a duty to detain this inmate under their supervision in a safe and secure environment while providing humane care, custody and control. From the time of Mr. Garcia's arrest to the time of his death he suffered at the hands of Defendants Murzea, Anes, Brooks, Buehler and Does 1 to 100's excessive brutality, deprivation and cruel punishment.  He never had a chance for survival once officers deemed him a violent criminal rather than

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

summoning appropriate help or medically transporting him for a Welfare and Institutions Code Section 5150 evaluation and treatment as he so clearly required during his prolonged state of psychosis.

55. As a direct and proximate result of the acts and/or omissions of Defendants Decedent Phillip Soto Garcia, Jr. died while in custody.

Allegations Re: Patterns & Practices

56. Plaintiffs allege that Defendant County and Defendant City's acts and omissions amounted to a custom, practice or policy of violating the Constitutional rights of arrestees and inmates housed in County of Riverside jails, including those housed at LSCF in that:

a.      County failed to assign sufficient Sheriff's Deputies to LSCF in order to provide adequate monitoring and supervision of the inmates;

b.      County failed to properly train the Sheriff's Deputies and City failed to property train its police officers which resulted in Deputies and Officers not having sufficient knowledge or skills to adequately monitor and supervise arrestees/inmates;

c.      City, by and through its officers and employees, knew, or should have known, that Phillip Soto Garcia, Jr. was suffering from a mental disorder such that it would be inappropriate to classify his as a criminal detainee, and instead, Phillip Soto Garcia, Jr. should have been classified as a Welfare and

Institutions Code 5150 detainee such that appropriate mental health care and treatment would be provided to him;

d.      County and City violated Phillip Soto Garcia, Jr.'s civil rights by allowing their employees to use excessive force against arrestees/inmates and by allowing their employees to be deliberately indifferent to the serious medical and psychiatric needs of Mr. Garcia;

e.      County and City allowed their employees to inadequately communicate information to subsequent entities by insufficiently training them regarding the importance of communicating an arrestee/inmate's medical and mental health condition to subsequent entities that are involved in the care and custody of Decedent, as well as failing to train their employees in warning subsequent entities of behavior demonstrated by an arrestee/inmate that would indicate the arrestee/inmate suffered from a mental health disorder that required treatment.  Said Defendants also failed to train their employees regarding the use of force against individuals who lack the mental capacity due to a mental health condition to understand simple commands and to utilize other de-esacalation techniques instead;

f.      County and City allowed their employees to ignore obvious signs of disability that would require accommodations to be made pursuant to the Americans with Disabilities Act;

**22**

g.      County and City acquiesced in their employees' failure to follow standard operating procedures regarding the use of force, restraints, and providing constitutionally adequate medical care such that said employees believed no discipline would be initiated against them for failing to follow such procedures; and

h.      County and City acquiesced in their employees' failure to take reasonable action to summon medical care when arrestees/inmates are in need of immediate medical care such that said employees believed no discipline would be initiated against them for failing to summon medical care when an arrestee/inmate required medical care.

57. County's failure to summon and render adequate medical care to inmates housed in the County jails, including LSCF was previously addressed in a class action lawsuit brought on behalf of County of Riverside jail inmates entitled *Quinton Gray v. County of Riverside*, Case No.:  EDCV 13-0444 VAP, and filed on March 8, 2013 in the United States District Court for the Central District of California.   In that case, County of Riverside entered a consent decree which was filed on June 7, 2016 wherein the County of Riverside agreed to implement remedial measures to address the failure to provide constitutionally adequate medical care to prisoners housed in County of Riverside jails.  The remedial plan included, among other

requirements: that "all health care staff shall provide community standard of care" in their respective roles; that emergency procedures are to be provided "immediately"; and that in the event of a medical emergency, the inmate will be seen by health care staff at an RN level or higher "as soon as possible".

58. Plaintiff is informed and believes and based thereon alleges that Defendants County, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana and other presently unascertained employees of the County of Riverside (Does 1 to 100), knew or should have known about the Consent Decree in the *Gray v. County of Riverside* case prior to the time Plaintiff was injured. Plaintiff further alleges on information and belief that Defendants County of Riverside, Sniff, Di Yorio, Ibarra,Gutierrez, Kondrit, Magana and Does 1 to 100, knew or should have known based on the Consent Decree that the County of Riverside was failing to provide minimally adequate medical care to inmates incarcerated in Riverside County jails in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. Said Defendants knew that despite having compliance deadlines for making changes required under the Consent Decree to bring Riverside County jails into compliance, Riverside County jails were not in compliance and were grossly understaffed.

59. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana and Does 1 to 100, failed to implement the terms of the remedial plan set

forth in the Consent Decree by failing to educate, train, supervise and oversee:  (a) that all of the existing jail staff knew what is required to provide "community standard of care";  and (b) that all jail staff knew how to recognize an emergency and follow universally accepted emergency procedures and protocols when a medical emergency occurs.

60. By failing to implement the remedial plan set forth in the Consent Decree, County of Riverside, Sniff, Di Yorio, Ibarra,Gutierrez, Kondrit, Magana and Does 1 to 100,  knew or should have known that the rights of inmates in the County of Riverside jail system to receive constitutionally adequate medical care would be violated and that this deprivation of the inmates' rights would cause severe injury or even death.

61. Had County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana and Does 1 to 100, implemented the terms of the Remedial Plan and adequately supervised and trained the jail staff in accordance with the terms of the Remedial Plan, Decedent would have received proper medical treatment and prompt and appropriate medical aid would have been rendered.

62. Pursuant to Riverside County Sheriff's Department Corrections Division Policy number 503.07, the following policies existed with respect to the use of restraint chairs at the time of the incident alleged herein: Section 2.1 - Use of the ERC as punishment is strictly forbidden. A violation of this policy will

result in disciplinary action and could result in criminal prosecution; Section 2.2 An inmate should not remain in the ERC for more than four hours, unless a sergeant or mental health staff determines the inmate is still violent or self-destructive and medical staff has determined that remaining in the ERC is not detrimental to the inmate's health; Section 2.3, only corrections staff who have received formal training on the use of the ERC may use it; Section 5.1 -after an inmate is placed in the ERC, the inmate will be allowed to exercise each of his/her limbs at least once every 30 minutes to prevent blood clots. Each unrestrained limb will be exercised one at a time; Section 6.2 - Medical staff shall evaluate the inmate upon initial placement in the ERC and every two hours thereafter; Section 6.3 - Mental Health staff will evaluate the inmate as soon as possible, but in no case longer than four hours from the time of placement in the ERC; Section 6.4 - Corrections staff shall visually check the inmate twice every 30 minutes for the inmate's safety and well-being; Section 6.5 -Any physical signs of injury or distress shall be reported immediately to on-duty medical staff and/or mental health staff; Section 6.6 - Every two hours, the inmate shall be given the opportunity to use the toilet and drink water from a paper cup, unless a sergeant determines it is unsafe; Section 6.7 - Every two hours a sergeant shall evaluate the need for keeping the inmate in the ERC. The inmate shall be released from the ERC as soon as their behavior is such that they can be safely removed from the

ERC.  This review should include consultation with on-duty medical staff and/or mental health staff.

63. Pursuant to Riverside County Sheriff's Department Corrections Division Policy number 503.08, once a spit mask (aka "expectorant shield") has been applied, jail staff shall continuously monitor the inmate.

64. Plaintiff is informed and believes and based thereon alleges that County employees DOES 1 – 50, inclusive, violated Riverside County Sheriff's Department Corrections Policies number 503.07 and 503.08 while maintaining custody of Mr. Garcia.

65. In doing the acts complained of herein, the Constitutional rights of Decedent and Plaintiffs were violated, including, but not limited to:

a.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and

b.  The right to be free from cruel and unusual punishment and from prejudgment punishments as guaranteed by the Eighth Amendment to the United States Constitution and in the case of a pre-trial detainee like Phillip Soto Garcia, Jr., under the Fourteenth Amendment to the U.S. Constitution.

**First Claim**
**Violation of 42 U.S.C. §1983**
**Deliberate Indifference to Serious Medical Needs**

**27**

**By Plaintiffs Against County Employees DOES 1 TO 50; Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80**

66. Plaintiffs reallege and incorporate by reference paragraphs 1-65 of this complaint as though fully set forth herein.

67. On March 22, 2017, Phillip Soto Garcia, Jr., had a serious medical need in that he either, as a result of a seizure, or some other mental health disorder, was behaving in a manner unusual for him and which resulted in a mental crisis.

68. Despite being told by the 911 caller that prosecution was not wanted, the police continued to investigate and made contact with Mr. Garcia at a separate location. Defendants Murzea, Anes, Brooks, Buehler and Does 51 to 80 used excessive force by throwing and holding Mr. Garcia to the ground with such violence that Mr. Garcia's head left a semi-circle of blood spatter on the concrete where he was taken down.

69. Although Defendants Murzea, Anes, Brooks, Buehler, City employees Does 51 to 80 and County employees Does 1 to 50 and medical staff were told that Mr. Garcia had a history of seizures and was acting in a manner that was completely out of character for him, said Defendants failed to obtain a mental health evaluation of Mr. Garcia, nor did they communicate to medical staff the force with which he was taken to the ground in order for his head injury to be adequately evaluated and treated.

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

70. Once in the custody of employees of the Riverside County Sheriff's Department, Mr. Garcia never fully recovered his faculties and was, as a result, drugged, restrained, and beaten by County of Riverside employees DOES 1 to 50 at least twice during his custody with the Riverside Sheriff's Department, despite the fact that it was obvious he was going through a psychotic episode.  Again, although Mr. Garcia was beaten by County employees DOES 1 to 50, Mr. Garcia did not receive prompt and adequate mental health treatment or medical care.

71. Phillip Soto Garcia, Jr., as a pre-trial detainee had a Fourteenth Amendment right to medical care, including mental health care.

72.  Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 violated Phillip Soto Garcia, Jr.'s, constitutional right to medical care when they acted with deliberate indifference to Phillip Soto Garcia, Jr's serious medical needs by failing to provide/obtain prompt, adequate medical attention for him and mental health treatment for him.

73. At all times, said Defendants were acting under color of law and were acting in the course and scope of their employment with County or City.

74. At all times, Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51-80 and County employees Does 1 to 50 knew that Phillip Soto Garcia Jr. suffered from seizures and had a serious medical need.

**29**
**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

75. At all times, Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51-80 and County employees Does 1 to 50 failed to provide or obtain an appropriate assessment and evaluation of Phillip Soto Garcia Jr.'s injuries; failed to follow basic, universally accepted emergency medical protocols; failed to follow Riverside County Sheriff and Cathedral City Police standard emergency medical procedures and policies; failed to provide adequate observation and medical intervention for Phillip Soto Garcia, Jr's serious medical needs; and seriously aggravated Phillip Soto Garcia's medical condition.

76. At all times, Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51-80 and County employees Does 1 to 50 delayed in providing appropriate care and treatment of Phillip Soto Garcia, Jr's injuries, and failed to ensure appropriate medical treatment for Phillip Soto Garcia, Jr.

77. Once at Riverside University Health Center, while still under the care and custody of deputies from the Riverside County Sheriff's office, Phillip Soto Garcia, Jr. was continuously restrained by County employees Does 1 to 50 in a manner that was inhumane and damaging to his health and safety and which was excessive and unreasonably long in duration.

78. During the time of his detainment by Riverside County Sheriff's Department employees, Phillip Soto Garcia, Jr. was constrained in a 4-point restrain chair multiple times in a manner that violated jail policies and procedures,

**30**
**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

including policy 503.07 and 503.08 by County employees Does 1 to 50.

79. Phillip Soto Garcia, Jr. was denied adequate hydration, was inadequately supervised and was treated inhumanely in a manner that amounts to cruel and unusual punishment while constrained to the restraint chair by County employees Does 1 to 50.

80. The conduct alleged herein caused Phillip Soto Garcia, Jr. to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably, and actually caused Plaintiffs to suffer emotional distress, pain and suffering, the loss of decedent's love, care, companionship and society and further damages according to proof at trial.

81. As a direct and proximate result of Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51 to 80 and County employees Does 1-50's acts and omissions that were deliberately indifferent to Phillip Soto Garcia Jr.'s serious medical needs, Phillip Soto Garcia Jr. died.

82. Plaintiff Mary H. Garcia in her capacity as Successor-in-Interest to the Estate of Phillip Soto Garcia Jr., alleges that the conduct alleged herein caused Phillip Soto Garcia, Jr., to be deprived of his civil rights that are protected under the United States Constitution, as well as cause Phillip Soto Garcia Jr., pre-death pain, suffering, emotional distress and medical expenses.

83. Plaintiff Mary H. Garcia seeks both survival and wrongful death

damages for the violation of Phillip Soto Garcia Jr.'s rights.

84. The conduct alleged herein was done in deliberate or reckless disregard of Phillip Soto Garcia Jr.'s constitutionally protected rights, justifying an award of exemplary damages against Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51-80 and County employees Does 1 to 50 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs are also entitled to attorney fees and costs of suit herein.

### Second Claim
### (Wrongful Death – Cruel and Unusual Punishment)
### 42 U.S.C. § 1983
### By Plaintiffs Against Defendants County employees Does 1 to 50 and Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80

85. Plaintiffs reallege and incorporate by reference paragraphs 1-84 of this complaint as though fully set forth herein.

86. Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51-80 committed wrongful acts under color of law which proximately caused the death of Phillip Soto Garcia Jr.  In doing the acts/omissions complained of, Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51-80 and County employees Does 1 to 50 saw Phillip Soto Garcia, Jr. in medical distress but failed to summon for medical aid or obtain a mental health assessment for him which ultimately resulted in the loss of his life.  Said Defendants also undertook to

PLAINTIFFS' COMPLAINT FOR DAMAGES,
VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839

confine Mr. Garcia in a manner that was dangerous to his health, safety and welfare by ignoring obvious signs of a serious mental health disorder and physical injuries requiring immediate medical attention.

87. Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51-80 and County employees Does 1 to 50 deprived Phillip Soto Garcia, Jr., of his rights under the U.S. Constitution to be free from cruel and unusual punishment and punishment without due process under the Fourteenth Amendment to the U.S. Constitution.

88. The foregoing wrongful acts were done with deliberate indifference to the safety and welfare of Phillip Soto Garcia, Jr.

89. Defendants Murzea, Anes, Brooks, Buehler and City employees Does 51-80 and County employees Does 1 to 50 acted under the color of state law to deprive Phillip Soto Garcia, Jr., of certain constitutionally protected rights including, but not limited to, the right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, the right to be free from violence and the right to be free from cruel and unusual punishment under the due process clause of the Fourteenth Amendment to the U.S. Constitution.

90. Plaintiff Mary H. Garcia in her capacity as Successor-in-Interest to the Estate of Phillip Soto Garcia Jr., alleges that the conduct alleged herein caused

Phillip Soto Garcia, Jr., to be deprived of his civil rights that are protected under the United States Constitution, as well as cause Phillip Soto Garcia Jr., pre-death pain, suffering, emotional distress and medical expenses.

91. Plaintiff Mary H. Garcia, in her individual capacity, as well as Plaintiffs Angelo Garcia, Phillip James Garcia and Fred A. Toro, allege that the conduct alleged herein violated Phillip Soto Garcia Jr.'s Constitutional rights thereby resulting in a deprivation of Plaintiffs' rights, which have legally, proximately, foreseeably and actually caused Plaintiffs in their individual capacities to suffer damages according to proof at the time of trial.

92. Plaintiff Mary H. Garcia seeks both survival and wrongful death damages for the violation of Phillip Soto Garcia Jr.'s rights.

93. The conduct alleged herein was done in deliberate or reckless disregard of Phillip Soto Garcia Jr.'s constitutionally protected rights, justifying an award of exemplary damages against Defendants Magana, Murzea, Anes, Brooks, Buehler and City employees Does 51-80 and County employees Does 1 to 50, in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  Plaintiff is also entitled to attorney fees and costs of suit herein.

**Third Claim**
**Right of Association**
**By Plaintiffs against Defendants Murzea, Anes, Brooks, Buehler and City**

**34**

**employees DOES 51 to 80 and County employees DOES 1 to 50.**

94. Plaintiffs reallege and incorporate by reference paragraphs 1-93 of this complaint as though fully set forth herein.

95. Defendants Murzea, Anes, Brooks, Buehler, City employees Does 51-80 and County employees Does 1 to 50, deprived Phillip Soto Garcia Jr., of his rights under the United States Constitution to be free from cruel and unusual punishment, denial of medical care and denial of due process.

96. The aforementioned acts and/or omissions of Defendants Murzea, Anes, Brooks, Buehler, City employees Does 51-80 and County employees Does 1 to 50, were deliberately indifferent to Phillip Soto Garcia Jr's. serious medical needs, health and safety; and violated Decedent's civil rights to be free from cruel and unusual punishment.  Said acts/omissions deprived Plaintiffs Angelo Garcia, Phillip J. Garcia and Fred A. Toro of their liberty interest in the parent-child relationship in violation of their substantive due process rights as defined by the First and Fourteenth Amendments to the U.S. Constitution, and deprived Plaintiff Mary H. Garcia of her liberty interest in the spousal/marital relationship she had with Decedent.

97. There was no legitimate penological interest in denying and delaying access to medical care to an inmate in obvious medical distress. Defendants Murzea, Anes, Brooks, Buehler, City employees Does 51-80 and County

**35**

employees Does 1 to 50's actions shock the conscience.

98. The deprivation of the rights alleged above has destroyed the Constitutional rights of Phillip Soto Garcia Jr.'s 's children, Angelo Garcia, Phillip J. Garcia and Fred A. Toro, to the society and companionship of their father which is protected by the substantive due process clause of the Fourteenth Amendment.

99. The deprivation of the rights alleged above has destroyed the Constitutional rights of Phillip Soto Garcia Jr.'s wife, Mary H. Garcia, to the spousal/marital relationship and society and companionship of her husband which is protected by the substantive due process clause of the Fourteenth Amendment.

100. The conduct alleged herein violated Phillip Soto Garcia Jr.'s rights alleged above thereby resulting in a deprivation of Plaintiffs' rights alleged above, which has legally, proximately, foreseeably and actually caused Plaintiffs to suffer emotional distress, pain and suffering and further damages according to proof at the time of trial.

101. Plaintiff Mary H. Garcia brings this claim both individually and as successor-in-interest to the Estate of Phillip Soto Garcia Jr. and seeks both survival and wrongful death damages for the violation of Phillip Soto Garcia Jr.'s rights and her own rights.

102. The conduct alleged herein was done in deliberate or reckless

**36**

disregard of Phillip Soto Garcia Jr.'s constitutionally protected rights, justifying an award of exemplary damages against Defendants Murzea, Anes, Brooks, Buehler City employees Does 51-80 and County employees Does 1 to 50, in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.  Plaintiffs are also entitled to attorney fees and costs of suit herein.

**Fourth Claim**
**Excessive Force**
**By Plaintiffs Against Murzea, Anes, Brooks, Buehler and City employees**
**DOES 51 to 80 and County employees DOES 1 to 50.**

103. Plaintiff realleges and incorporates by reference paragraphs 1 – 102 of this complaint.

104. At all times stated herein, Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 acted under color of law to deprive Phillip Soto Garcia, Jr. of certain constitutionally protected rights, including, but not limited to:

> (a)  The right to be free from excessive force being used against him under the Fourth, Fourteenth and Fifth Amendments to the U.S. Constitution;
> (b)  The right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the US Constitution;
> (c)  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution;

**37**

(d)  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the U.S. Constitution; and
(e)  The right to be free from the imposition of cruel and unusual punishment.

105. Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 deprived Phillip Soto Garcia, Jr. of the foregoing constitutional rights when they used unreasonable force to restrain Phillip Soto Garcia, Jr.

106.  Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50's conduct caused Phillip Soto Garcia, Jr. to suffer extreme pain and suffering and emotional distress, and ultimately, once he was moved to Riverside University Health System, death.

107. Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 were integral participants in the use of excessive force.

108. Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 also failed to intervene to prevent the violation when each of said Defendants failed to stop each other from using excessive force against Phillip Soto Garcia, Jr.

109. Defendants County employees DOES 1 to 50  also failed to

intervene to prevent the violation when each of said Defendants failed to stop each other from using excessive force against Phillip Soto Garcia, Jr.

110. Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 knew that failure to provide timely medical treatment for Phillip Soto Garcia, Jr. could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Phillip Soto Garcia, Jr. great bodily harm and ultimately, death.

111. The foregoing use of force described above was excessive and unreasonable under the circumstances because prior to and after being restrained by the officers, Phillip Soto Garcia, Jr. did not resist or pose a threat to the safety of the defendant police officers and deputies.

112. During the relevant period, Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 were performing their duties as officers of the Cathedral City Police Department.

113. During the relevant period Defendants County employees DOES 1 to 50 were performing their duties as deputies of the Riverside County Sheriff's Department.

114. Based on the conduct of Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1

**PLAINTIFFS' COMPLAINT FOR DAMAGES,
VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

to 50, Phillip Soto Garcia, Jr. was deprived of his constitutional rights under the Fourth, Fourteenth and Fifth Amendments to the U.S. Constitution.

115. Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 knew that the force they used was illegal.  Phillip Soto Garcia, Jr. was subjected to humiliation, fear, physical injury, and pain and suffering by the illegal acts of Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 and ultimately, death.

116. The conduct of Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 was willful, wanton, malicious, oppressive, and done with reckless disregard for the rights and safety of Phillip Soto Garcia, Jr. and therefore warrants the imposition of exemplary and punitive damages against said Defendants.

**Fifth Claim**
**Failure to Intervene (42 U.S.C. §1983)**
**By Plaintiffs Against Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50**

117. Plaintiff realleges and incorporates by reference paragraphs 1 – 116 of this complaint.

118. At all times relevant here, Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1

to 50 were present and were charged with the constitutional duties of protection of Phillip Soto Garcia, Jr., and were charged with the duty to not knowingly, with wanton disregard, cause his life, health and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to Phillip Soto Garcia, Jr., that their actions and/or omissions placed him in.

119. At all times relevant here, Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 had an affirmative duty to intervene to stop fellow officers from violating the constitutional rights of arrestees/detainees, including Phillip Soto Garcia, Jr.,. Each of the afore-mentioned Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent Phillip Soto Garcia, Jr.'s injuries, and were compelled to do so as officers of either the Cathedral City Police Department or the Riverside County Sheriff's Department under the laws of the State of California and under the Constitution of the United States of America.

120. In deliberate indifference to the life and welfare of Phillip Soto Garcia, Jr., each said defendant intentionally and with deliberate indifference to the civil rights of Phillip Soto Garcia, Jr., refrained from intervening in the acts leading to Phillip Soto Garcia, Jr.'s injuries.

121. As a direct and proximate result thereof, Phillip Soto Garcia, Jr.'s rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated.  As a further result thereof, Decedent sustained injuries and damages alleged herein.

122. The conduct of Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50 was intentional, malicious, willful, wanton and in reckless disregard of Phillip Soto Garcia, Jr.'s constitutional rights in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages against said Defendants.

### Sixth Claim
### Violation of 42 U.S.C. §1983
### Failure to Properly Train
### By Plaintiffs against County of Riverside, Defendants Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and DOES 1 to 50

123. Plaintiffs reallege and incorporate by reference paragraphs 1-122 of this complaint as though fully set forth herein.

124. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50, acting under color of law, have subjected Phillip Soto Garcia, Jr., and other persons similarly situated to a pattern of conduct consisting of continuing, widespread and unconstitutional misconduct.

125. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit,

PLAINTIFFS' COMPLAINT FOR DAMAGES,
VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839

Magana, and Does 1 to 50,  have failed to maintain adequate and proper training necessary to educate Deputies and medical staff as to the Constitutional rights of inmates; to prevent the consistent and systematic failure to provide medical care; and to train their Deputies properly on emergency, welfare or cell checks. Longstanding and systemic deficiencies in the Riverside County jail system, included:  Deputies failing to conduct thorough cell checks at regularly-timed intervals in order to adequately supervise inmates to watch for signs of self-harm; inadequate medical staffing, lack of required training or screening, diagnosis and treatment of medical and psychiatric conditions, and non-compliant medical policies and procedures.

126. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50,  have failed to promulgate corrective policies and regulations in the face of repeated constitutional violations, such that there has been an official "policy of acquiescence" in the wrongful conduct on the part of Defendants County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50.

127. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50, have acted with deliberate indifference in disregarding their duty to protect the public from official misconduct.  The failure to promulgate or maintain constitutionally adequate training was done with deliberate

**43**

indifference to the rights Phillip Soto Garcia, Jr. and others in his position.

128. Despite their knowledge of previous instances of inadequate and improper medical responses to serious medical needs of inmates housed in the Riverside County jail system, County of Riverside, Sniff Di Yorio, Ibarra, Gutierrez, Kondrit,   Magana, and Does 1 to 50, failed to properly train or retrain their Deputies and medical staff to prevent serious harm to inmates and acquiesced in, and ratified, insufficient medical training of the Deputies, knowing that such inadequate training put the health and safety of inmates at LSCF in jeopardy.

129. The foregoing alleged lack of adequate training was done with deliberate indifference and caused Phillip Soto Garcia Jr. harm at the hands of County of Riverside employees when Phillip Soto Garcia Jr. required prompt medical attention.

130. Despite their knowledge of previous instances of wrongful deaths in the jails, County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50 failed to properly train or retrain their Deputies and medical staff to prevent deaths of inmates.

131. The lack of adequate training was the moving force behind the harm caused to Phillip Soto Garcia Jr.  As a result of County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50 historical failure to properly train, County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit,

Magana, and Does 1 to 50 were deliberately indifferent to the needs of Decedent.

132. As a direct and proximate result of the actions of County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50 Phillip Soto Garcia Jr. suffered unconstitutional treatment and inhumane conditions while in LSCF that resulted in his death.

**Seventh Claim**
**Violation of 42 U.S.C. §1983**
**Failure to Supervise & Discipline**
**By Plaintiffs against County of Riverside, Sniff, Di Yorio, Ibarra,Gutierrez, Kondrit, Magana, and Does 1 to 50**

133. Plaintiffs reallege and incorporate by reference paragraphs 1-132 of this complaint as though fully set forth herein.

134. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50:

(a) Failed to provide adequate supervision over the medical staff and Deputies who are required to render emergency medical care that meets the standards of the Constitution;

(b) Failed to promulgate and enforce adequate policies and procedures related to rendering adequate emergency medical care that meets professional and legal standards such that the violation of citizens' civil rights by Deputies and medical staff occurred and is continuing to occur in the Riverside County jail system.

135. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50, have a widespread history of ratifying Deputy misconduct by failing to conduct appropriate investigations.

136. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50 were aware of previous instances of untimely, inadequate and improper medical care and treatment provided to inmates and failed to properly supervise and discipline their employees or agents to abate such conduct.

137. Upon information and belief, County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50 were made aware of the foregoing misconduct but failed to supervise or discipline employees and medical staff to abate such conduct. There has been an official "policy of acquiescence in the wrongful conduct".

138. County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50 have failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations. The foregoing Defendants condoned and acquiesced in the abusive behavior of their subordinates by refusing to retrain them, discipline them, or correct their abusive behavior.

139. As a result of their failure to properly supervise Deputies and medical staff of the Riverside County Sheriff's office, County of Riverside, Sniff, Di Yorio,

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS  CASE NO.: 5:18-CV-839**

Ibarra, Gutierrez, Kondrit, Magana, and Does 1 to 50, were deliberately indifferent to the needs of Phillip Soto Garcia, Jr.

140. The failure to supervise was the moving force behind the misconduct of the Deputies and medical staff, the denial of medical care to Phillip Soto Garcia and Phillip Soto Garcia Jr.'s pain, suffering and loss of life.

141. As a result of the foregoing failure to supervise and discipline employees for the unconstitutional conduct, Phillip Soto Garcia Jr.'s Fourteenth Amendment rights were violated.

142. As a direct and proximate result of the actions of County of Riverside, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit,  Magana, and Does 1 to 50, Phillip Soto Garcia, Jr. suffered unconstitutional treatment and inhumane conditions while in LSCF and Riverside University Health System as well as significant physical injuries and death.

**Eighth Claim**
**Violation of 42 U.S.C. §1983**
**Monell Municipal Liability**
**By Plaintiffs against County of Riverside and Cathedral City**

143. Plaintiffs reallege and incorporate by reference paragraphs 1-142 of this complaint as though fully set forth herein.

144. Defendant County of Riverside and Cathedral City maintained an unconstitutional policy, ordinance or regulation which allowed their Officers,

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

Deputies and medical staff to delay and deny medical care to inmates.

145. There were longstanding and systemic deficiencies in the Riverside County jail system, including LSCF's treatment of inmates, and Cathedral City Police Department policies and procedures for arresting individuals in mental distress.  Cathedral City deficiencies included improper use of force against arrestees, inadequate supervision, lack of required training or screening, diagnosis, intervention and treatment of individuals with medical and psychiatric conditions and unlawful restraint policies and procedures.  County of Riverside deficiencies included improper cell checks, inadequate supervision, inadequate medical staffing, lack of required training or screening, diagnosis, intervention and treatment of individuals with medical and psychiatric conditions, and unlawful restraint policies and procedures.

146. Defendants County and City's failure to adequately train their deputies/officers regarding treatment of arrestees in mental distress/medical distress, treatment of inmates in emergency medical situations and/or medical distress and the use of force against as arrestees/inmates, as well as the proper use of restraints against arrestees/inmates in mental or medical distress rises to the level of a municipal custom that authorized and/or condoned deputy and medical staff misconduct.  Upon information and belief, the permanent, widespread, well-settled practice or custom was to deny treatment to inmates in serious medical

distress; was to use unreasonable force against arrestees in mental/medical distress; use unlawful restraint against arrestees in medical/mental distress; not properly screen inmates for medical care or treatment; failing to utilize universally accepted emergency medical protocols and procedures; failing to communicate the medical needs of inmates to other staff, including outside medical facilities; not properly checking on the welfare of the inmate; failing to conduct proper cell checks as required; and not investigating misconduct of deputies and medical staff.

147. Defendants County and City were deliberately indifferent to the widespread unconstitutional acts by their Deputies, Officers and medical staff and failed to set forth appropriate policies regarding the treatment of arrestees and inmates.

148. During the relevant period, all individually named Defendants herein, medical staff and presently unascertained employees of the County Does 1 to 50 and employees of the City Does 51 to 80, were acting pursuant to the policy of County of Riverside and Cathedral City Police Department.

149.  This pattern of use of unreasonable and excessive force with arrestees/inmates exhibiting a medical crisis/mental health crisis constitutes deliberate indifference to basic medical needs of arrestees and inmates and is a violation of the decedent's civil rights.

150. The foregoing pattern of conduct by employees of the County of

**PLAINTIFFS' COMPLAINT FOR DAMAGES,
VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

Riverside jail system and Cathedral City Police Department promoted and maintained a culture of deliberate indifference to human life and basic medical care and treatment of arrestees and inmates at LSCF.

151. Defendants County and City were deliberately indifferent to the right of Phillip Soto Garcia, Jr., and others to be free from, and protected from, harm caused by the misconduct of their employees.

152. The County of Riverside's longstanding practice or custom was unconstitutional in that it was deliberately indifferent to a substantial risk of serious harm to inmates and violated inmates', including Phillip Soto Garcia Jr.'s Fourteenth Amendment right to receive medical care and due process.

153. Cathedral City's longstanding practice or custom was also unconstitutional in that it was deliberately indifferent to a substantial risk of serious harm to arrestees and violated the rights set forth in the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

154. As a direct and proximate result of the practice or custom of the County of Riverside, Cathedral City Police Department and the individual Defendants named herein, as well as DOES 1 TO 100, Phillip Soto Garcia, Jr.'s, civil rights were violated. Phillip Soto Garcia, Jr. was denied appropriate medical care when he suffered a mental health crisis, was severely injured after being beaten by arresting officers and later, jail deputies, was denied adequate hydration and was

kept constrained for hours in a 4-point restraint chair while suffering from severe injuries and seizures that required immediate medical attention.

155. The unlawful and illegal conduct of Defendants County and City and the individually named respondents alleged herein, deprived Phillip Soto Garcia, Jr., of his constitutionally protected rights, including, but not limited to:

(a)  The right to be free from excessive force being used against him under the Fourth, Fourteenth and Fifth Amendments to the U.S. Constitution;

(b)  The right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the US Constitution;

(c)  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution;

(d)  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the U.S. Constitution; and

(e)  The right to be free from the imposition of cruel and unusual punishment.

156. As a direct, proximate and foreseeable result, Phillip Soto Garcia, Jr., died and Plaintiffs incurred damages for the wrongful death of Phillip Soto Garcia, Jr., in an amount according to proof at the time of trial.

**51**

**Ninth Claim**
**Violation of 42 U.S.C. §1983**
**Failure to Protect & Cruel and Unusual Punishment**
**Fourteenth Amendment**
**By Plaintiffs against County Employees Does 1 to 50**

157. Plaintiffs reallege and incorporate by reference paragraphs 1-156 of this complaint as though fully set forth herein.

158. Phillip Soto Garcia, Jr., was incarcerated at LSCF under conditions that posed a substantial risk of serious harm to his health and safety, which were known to Defendants Does 1 to 50.  Such conditions included:

(a)  constraining Phillip Soto Garcia, Jr. to a 4-point restraint chair for hours without adequate supervision, hydration and medical attention, all while he was in clear physical and mental distress;

(b)  Placing Phillip Soto Garcia, Jr., who suffered seizures and a mental health condition in a sobering cell without adequate monitoring and supervision;

(c)  Failing to perform adequate monitoring and supervision of Phillip Soto Garcia, Jr.,;

(d)  Failing to follow standard operating procedures regarding the performance of physical visual inspections of inmates in sobering cells and those being held in restraints;

(e)  Using excessive force against inmates, including Phillip Soto Garcia, Jr.;

52

and

(g)  Failing to timely intervene to stop the use of excessive force against Phillip Soto Garcia, Jr.

159. DOES 1 TO 50 had ample and reasonably sufficient time and opportunity to intervene and prevent the use of excessive force against Phillip Soto Garcia Jr. and to prevent his injuries and ultimate death, and were compelled to do so as Sheriff's deputies and/or medical staff, under the laws of the State of California and under the Constitution of the United States of America.

160. In deliberate indifference to the life and welfare of Phillip Soto Garcia, Jr., each said Defendant intentionally and with deliberate indifference to the civil rights of Phillip Soto Garcia, Jr., refrained from intervening in the acts leading to Phillip Soto Garcia Jr.'s injuries and ultimate death.

161. Defendants DOES 1 to 50 acted under the color of state law to deprive Phillip Soto Garica, Jr., of certain constitutionally protected rights including, but not limited to, the right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from cruel and unusual punishment and unreasonable searches and seizures.

162. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of

**53**
**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive and unrelated to any activity which governmental officers may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

163. In acting or failing to act as hereinabove alleged, Defendants DOES 1 to 50, were deliberately indifferent to the substantial risk posed to Phillip Soto Garcia, Jr.'s health and safety.

164. As a proximate result of the aforementioned wrongful conduct, Phillip Soto Garcia, Jr. Garcia suffered injuries and ultimately, death.

165. The conduct of Defendants DOES 1 to 50, was intentional, malicious, willful, wanton and in reckless disregard of Phillip Soto Garcia, Jr.'s constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages against each of the foregoing individual defendants.

**Tenth Claim**
**Violation of Americans With Disabilities Act**
**By Plaintiffs against Defendants County and City**

166. Plaintiff realleges and incorporates by reference paragraphs 1 – 165 of this complaint.

167. Under Title II of the Americans With Disabilities Act, 42 USC §

**54**

1231, et seq., and Section 504 of the Rehabilitation Act, 29 USC § 701, et seq., Phillip Soto Garcia Jr. is a qualified individual with a disability as defined by 42 USC § 12102(1) and 29 USC § 705 because he suffers from seizures which impair his mental health and which substantially limited Phillip Soto Garcia Jr.'s major life activities, including his ability to communicate with people, understand people, his ability to learn, and to care for himself in activities of daily living.

168. Defendants County and City authorities and other government agencies acknowledged that Phillip Soto Garcia Jr. had such a mental health impairment/disability before he was placed in a sobering cell at LSCF and Phillip Soto Garcia Jr. was regarded by others as possessing that disability.

169. At all times, Defendants Murzea, Anes, Brooks, Buehler, and City employees DOES 51 to 80 and County employees DOES 1 TO 50 knew of Phillip Soto Garcia Jr.'s disability or should have known of his disability because it was obvious from his erratic behavior at the time of his arrest and in subsequent interactions with him both while he was being taken to Desert Regional Medical Center for an OK to book and later at Riverside University Health.  Decedent's disability was also communicated to officers following his arrest by Mary Garcia, Phillip Soto Garcia Jr.'s wife.

170. At the time that County and City employees approached Phillip Soto Garcia Jr., a reasonable accommodation for Phillip Soto Garcia Jr.'s disability

could have, and should have, been made in order to avoid an escalation of the situation because Phillip Soto Garcia Jr's mental health disability was obvious.

171. Defendants County and City failed to reasonably accommodate Phillip Soto Garcia Jr.'s disability in the course of arresting him and subsequently detaining him, thereby causing him to suffer greater injury and indignity than other individuals.

172. Potential accommodations might have included, but are not limited to: communicating with Phillip Soto Garcia Jr. in a non-threatening manner, speaking to Phillip Soto Garcia Jr. in a way that was non-threatening and calming in order to avoid an escalation of the situation and to avoid the use of force; contacting another officer or employee who specializes in communicating with disabled individuals like Phillip Soto Garcia Jr. to facilitate the necessary interaction, or removal; by respecting Phillip Soto Garcia Jr.'s comfort zone, engaging in non-threatening communications and gestures with Phillip Soto Garcia Jr. directly, and using the passage of time to defuse the situation. Procedures and techniques for accommodating individuals with disabilities were also part of the County and City employees' Peace Officer Standards Training ("POST") and therefore, were known or should have been known to employees of Defendants County and City at the time of their interactions with Phillip Soto Garcia Jr..

173. By declining to provide the foregoing accommodations to Phillip

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

Soto Garcia Jr., County and City employees denied Phillip Soto Garcia Jr. the benefits and services of government programs, services, or activities, as well as subjected him to discrimination on account of his disability.  As public entities that receive federal financial assistance, Defendants County and City are vicariously liable for their employees' violations of Title II of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act.

174. Defendants County and City failed to make reasonable modifications necessary to avoid discrimination against individuals with mental health disabilities, like Phillip Soto Garcia Jr. both in the context of arrest and his detention and transport to Larry Smith Correctional Facility and his transfer and confinement at Riverside University Health System.

175. As a result of the foregoing conduct, Phillip Soto Garcia Jr.'s rights under Title II of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act were violated and he was discriminated against because of his disability.

176. As a direct and proximate result of the actions of Defendants County and City, Phillip Soto Garcia Jr. suffered severe harm including significant physical and psychological injuries and ultimately, death.

**Eleventh Claim**
**Wrongful Death – CCP 377.60, et seq.**

**57**

**By Plaintiffs against County, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, City of Cathedral City, Murzea, Anes, Brooks, Buehler, City Employees DOES 51 to 80 and County employees DOES 1 to 50.**

177. Plaintiff realleges and incorporates by reference paragraphs 1 – 176 of this complaint.

178. Defendants County, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, City of Cathedral City, Murzea, Anes, Brooks, Buehler, City Employees DOES 51 to 80 and County employees DOES 1 to 50 committed wrongful acts which proximately caused the death of Phillip Soto Garcia, Jr., Specifically, said Defendants deprived Phillip Soto Garcia, Jr., of his rights under the U.S. Constitution to be free from punishment without due process and cruel and unusual punishment, and unreasonable search and seizures and excessive force.

179. The foregoing Defendants denied Phillip Soto Garcia, Jr., access to necessary medical attention; delayed in providing emergency medical assessment, care and transfer to appropriate facilities, failed to conduct proper cell checks, supervision and monitoring of Phillip Soto Garcia, Jr. These acts resulted in the death of Phillip Soto Garcia, Jr.,.

180. The County of Riverside is responsible for the acts of the individually named Defendants herein and presently unascertained County of Riverside agents and employees under the theory of respondeat superior.

181. Cathedral City is responsible for the acts of the individually named

**PLAINTIFFS' COMPLAINT FOR DAMAGES, VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

Defendants herein and DOES 51 to 80, who were agents and/or employees of Cathedral City under the theory of respondeat superior.

182. The wrongful acts alleged above have destroyed the relationship between Plaintiffs and Phillip Soto Garcia, Jr., and have legally, proximately, foreseeably and actually caused severe emotional damages, including the loss of Decedent's love, care, comfort, society, companionship, and further economic and non-economic damages according to proof at the time of trial.

**Twelfth Claim**
**(Violation of Civil Code § 52.1)**
**By Plaintiffs against Defendant County, City, Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County employees DOES 1 to 50**

183. Plaintiff realleges and incorporates by reference paragraphs 1 – 182 of this complaint.

184. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, and with threats, intimidation, and/or coercion, violated Decedents' rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution:

    a. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

b. The right to be free from excessive and unreasonable force and restraint in the course of search and seizure as secured by the Fourth and Fourteenth Amendments;

c. The right to be free from unlawful conscience-shocking force as secured by the Fourteenth Amendment;

d. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as an arrestee as secured by the Fourteenth Amendment to the U.S. Constitution and by California Constitution, Article 1, Sections 7 and 17;

e. The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments and as secured by California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq.;

f. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 7;

g. The right to life, liberty and property and not to be deprived of those without due process of law, as secured by the California Constitution Article 1, Section 7;

h. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

i. The right to protection from bodily restraint, harm or personal insult, as secured by California Civil Code section 43; and

j. The right to medical care as required by California Government Code section 845.6

185. As a direct and proximate result of said Defendants' violation of California Civil Code section 52.1, and of Decedents' rights under the United States Constitution and California Constitution, Plaintiffs sustained injuries and damages, and against each and every Defendant, are entitled to damages according to proof at trial and punitive damages against all individual Defendants including all damages allowed by California Civil Code sections 52 and 52.1 and California law, not limited to costs, attorneys' fees and civil penalties.

**Thirteenth Claim**
**State Law Negligence**

**By Plaintiffs against Defendants County, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, City of Cathedral City, Murzea, Anes, Brooks, Buehler and County employees DOES 1 to 50 and City employees DOES 51 to 80**

186. Plaintiff realleges and incorporates by reference paragraphs 1 – 185 of this complaint.

187. Defendants County, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, City of Cathedral City, Murzea, Anes, Brooks, Buehler and County employees DOES 1 to 50 and City employees DOES 51 to 80 owed a duty to Phillip Soto Garcia Jr., to act with ordinary care and prudence so as not to cause him harm or injury.

188. At all times mentioned herein, Defendants County, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, City of Cathedral City, Murzea, Anes, Brooks, Buehler and County employees DOES 1 to 50 and City employees DOES 51 to 80 were acting in the course and scope of their employment with County of Riverside and Cathedral City.  Defendants, and each of them, breached their duty of care to Phillip Soto Garcia, Jr., by:

(a)  utilizing excessive force in violation of policies and procedures to restrain Phillip Soto Garcia, Jr.,;

(b) failing to engage in universally accepted emergency medical evaluations, checking vitals, triage, and first responder first aid.

**62**

(c)  improperly, negligently, wrongfully and recklessly failing to take appropriate action to summon help or transport Phillip Soto Garcia Jr., promptly and in a manner that would not cause him further harm, disability, or death;

(d)  improperly, negligently, wrongfully and recklessly failing to follow proper procedures for inmates showing signs of serious medical need;

(e)  improperly, negligently, wrongfully and recklessly failing to follow proper procedures for use of restraints;

(f)  improperly, negligently, wrongfully and recklessly failing to set forth policies regarding medical treatment of inmates, medical screening of inmates, evaluation of inmate injuries, treatment of inmate injuries, use of restraints, use of force on inmates;

(g)  failing to exercise due care in monitoring and supervising Phillip Soto Garcia, Jr.;

(h)  failing to properly supervise jail and medical staff;

(i)  failing to exercise reasonable care in training jail and medical staff; and

(j)  failing to exercise reasonable supervision of jail and medical staff.

(k) using excessive force in arresting Mr. Garcia;

**PLAINTIFFS' COMPLAINT FOR DAMAGES,
VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

(l) failing to intervene when excessive force was used to restrain and detain Mr. Garcia;

(m) failing to properly investigate and handle Mr. Garcia when he was in an obvious state of medical and mental distress;

(n) failing to engage in universally accepted emergency medical and mental health evaluations of Mr. Garcia;

(o) improperly, negligently, wrongfully and recklessly failing to take appropriate action to summon help or transport Phillip Soto Garcia Jr. for appropriate mental health treatment;

(p) improperly, negligently, wrongfully and recklessly restraining Mr. Garcia in violation of POST training and Cathedral City policies and procedures;

(q) improperly, negligently, wrongfully and recklessly failing to follow proper procedures for arrestees showing signs of serious medical need;

(r) improperly, negligently, wrongfully and recklessly failing to set forth policies regarding the use of force and restraints with arrestees and in particular, arrestees exhibiting a mental health crisis;

(s) failing to exercise due care in monitoring and supervising arrestees;

(t) failing to properly supervise and discipline officers for their use of

**PLAINTIFFS' COMPLAINT FOR DAMAGES, VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

excessive  force, improper use of restraints and failure to summon

treatment for arrestees in medical/mental health need; and

(u)failing to exercise reasonable care in training police officers.

189. By engaging in the foregoing acts and/or omissions, Defendants breached their duty of care owed to Phillip Soto Garcia Jr.,.  Defendants County and City are responsible for the acts and/or omissions of their individual agents and employees under the theory of *respondeat superior*.

190. As a direct and proximate result of Defendants' negligent conduct alleged herein, Phillip Soto Garcia, Jr., suffered severe physical harm, emotional distress and ultimately, death.

191. The conduct of the individually named Defendants amounts to oppression, fraud or malice within the meaning of Civil Code section 3294 et seq., and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

**Fourteenth Claim**
**Assault & Battery**
**By Plaintiffs Against Defendants Murzea, Anes, Brooks, Buehler and City**
**Employees DOES 51 to 80 and County employees DOES 1 to 50**

192. Plaintiff realleges and incorporates by reference paragraphs 1 - 191 of this complaint.

193. Defendants Murzea, Anes, Brooks, Buehler and City Employees

DOES 51 to 80 and County employees DOES 1 to 50, inclusive, placed Plaintiff's decedent in immediate fear of death and severe bodily harm, by either throwing him to the ground violently during his arrest or beating him without just provocation or cause while in the custody of the Riverside County Sheriff's office, constituting assault and battery.

194. Defendants' conduct was neither privileged nor justified under statute or common law.

195. As a direct and proximate result of Defendants' assault and battery of Phillip Soto Garcia, Jr., Plaintiffs sustained injuries and damages and are entitled to relief in an amount to be proven at trial, and punitive damages against all individual Defendants in their individual capacities.

**Fifteenth Claim**
**42 USC § 1983 - False Arrest**
**By Plaintiff against Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80**

196. Plaintiff realleges and incorporates by reference paragraphs 1 – 195 of this complaint.

197. 42 USC section 1983 provides in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the

**66**
**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

party injured in an action at law, suit at equity or other proper proceeding for redress."

198. Decedent had a firmly established right under the Fourth Amendment to be free from physical abuse, assault, battery, wrongful arrest and detention and intentional and negligent infliction of emotional distress.

199. On March 22, 2017 at the time of Decedent's arrest and detention, Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 had no probable cause to believe that Decedent had committed a crime and did not have a warrant for his arrest.

200. Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 knew that Decedent suffered from a mental health condition that rendered him mentally incompetent and furthermore, it was obvious after arriving at the property that the complaining party did not wish to press charges and believed Decedent's behavior was strange and out of the ordinary.

201. Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 intentionally and unlawfully exercised force or the express or implied threat of force to restrain, detain, or confine Decedent.

202. Decedent was violently thrown to the ground by Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 resulting in Decedent sustaining significant injury to his face when it hit the ground directly.  After Decedent was

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839**

already handcuffed and posed no threat to officers, Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80 continued to use illegal and excessive force against Decedent in a manner designed to cause injury and punish Decedent without due process of law.

203. Based on the foregoing conduct of Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80, Decedent suffered an unlawful arrest and detention.

204. As a direct and proximate result of Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80's conduct, the restraint, detention, confinement and arrest caused Decedent to suffer injury, damage, loss or harm and ultimately, death, according to proof at the time of trial.

## **PRAYER**

1. WHEREFORE, Plaintiffs pray for the following relief:

a. For compensatory and general damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

b. For funeral and burial expenses and loss of financial support;

c. For punitive damages against the individual defendants in an amount to be proven at trial;

d. Reasonable costs of suit and attorneys' fees pursuant to 42 U.S.C. §1988 where appropriate;

e. Prejudgment interest;

f. Such other relief as the Court may deem proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs respectfully demand that the present matter be set for a jury trial.

Dated:  April 23, 2018          \s_____
                                Robert Trujillo, Esq.
                                Attorney for Plaintiffs,

Dated:  April 23, 2018          \s_____
                                Melody Trujillo, Esq.
                                Attorney for Plaintiffs,

Dated:  April 23, 2018          \s_____
                                Suzanne Skolnick, Esq.
                                Attorney for Plaintiffs,

Dated:  April 23, 2018          \s_____
                                Lewis Khashan, Esq.
                                Attorney for Plaintiffs,

PLAINTIFFS' COMPLAINT FOR DAMAGES,
VIOLATIONS OF CIVIL RIGHTS   CASE NO.: 5:18-CV-839