1  PETER J. FERGUSON (SBN 108297)
   KYLE R. BEVAN (SBN 294877)
2  FERGUSON PRAET & SHERMAN
   1631 E. 18th Street
3  Santa Ana, California  92705
   Telephone  (714) 953-5300
4  Facsimile   (714) 953-1143

5  DANIEL P. BARER (SBN 150812)
   ANNA L. BIRENBAUM (SBN 217588)
6  POLLAK, VIDA & BARER
   11150 West Olympic Boulevard, Suite 900
7  Los Angeles, California  90064-1830
   Telephone  (310) 551-3400
8  Facsimile   (310) 551-1036

9  Attorneys for Defendants City of Cathedral City
   and its employees Officer Cladiu Murzea,
10 Officer Daniel Anes, Officer Joseph Brooks and
   Officer Matthew Buehler

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15 MARY H. GARCIA, individually and as    ) CASE NO. 5:18-cv-00839 SJO (ASx)
   successor-in-interest to Estate of Phillip  )
   Soto Garcia, Jr. (Deceased); ANGELO     ) The Hon. S. James Otero
16 GARCIA; PHILLIP J. GARCIA,              ) Courtroom 10C
                                           )
17          Plaintiffs,                    ) Action Filed:   April 23, 2018
                                           )
18      vs.                                ) **ANSWER OF DEFENDANTS**
                                           ) **CITY OF CATHEDRAL CITY**
19 COUNTY OF RIVERSIDE; STANLEY           ) **AND ITS EMPLOYEES OFFICER**
   SNIFF, Sheriff of Riverside County;     ) **CLADIU MURZEA, OFFICER**
20 WILLIAM DI YORIO, Undersheriff;        ) **DANIEL ANES, OFFICER JOSEPH**
   JULIO IBARRA, Senior Safety            ) **BROOKS AND OFFICER**
21 Coordinator for Riverside County;      ) **MATTHEW BUEHLER TO**
   JERRY GUTIERREZ, Corrections           ) **PLAINTIFFS' FIRST AMENDED**
22 Assistant Sheriff; DAVID KONDRIT,      ) **COMPLAINT**
   Captain; SERGEANT MAGANA,              )
23 Corectional Sergeant; CITY OF          )
   CATHEDRAL CITY; Officer CLADIU         )
24 MURZEA; Officer DANIEL ANES;           )
   Officer JOSEPH BROOKS; Officer         )
25 MATTHEW BUEHLER; and DOES 1-           )
   100,                                   )
26                                        )
           Defendants.                    )
27 _____    )

28

*LAW OFFICES OF*
*POLLAK, VIDA*
*& BARER*

TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW, DEFENDANTS the City of Cathedral City and its Employees Officer Cladiu Murzea, Officer Daniel Anes, Officer Joseph Brooks and Officer Matthew Buehler , answering Plaintiffs' First Amended Complaint for Damages for themselves and for no other parties in this action.  These Defendants hereby admit, deny, and allege as follows:

## PREFACE

On July 18, 2018, the Court dismissed the Eighth Claim in the First Amended Complaint (*Monell* liability) as against Defendant City of Cathedral City in response to the parties' stipulation.  (ECF No. 41.)  On August 13, 2018, the Court declined supplemental jurisdiction over the Plaintiffs' state law claims, Claims Eleven through Fourteen.  (ECF Nos. 57, 60.)  On August 29, 2018, the Court granted the Motion to Dismiss filed by the City and its officers, and dismissed Claims One, Two, Three, and Fifteen as to those defendants.  Claims One through Three were dismissed with leave to amend. (ECF No. 60.)  Plaintiffs' deadline to file an amended complaint was September 10, 2018.  (ECF No. 60, p.  17.)  Plaintiffs did not file an amended complaint.  The City defendants therefore answer the First Amended Complaint as follows.

## PRELIMINARY STATEMENT

1.   Answering paragraph 1, Defendants deny the allegations.

2.   Answering paragraph 2, Defendants deny the allegations.

**JURISDICTION**

3.     Answering paragraph 3, Defendants admit that this Court has jurisdiction over the federal claims in this matter.

**VENUE**

4.     Answering paragraph 4, Defendants admit that this Court is the proper venue for this matter.

**CLAIMS REQUIREMENT**

5.     Answering paragraph 5, Defendants admit that Plaintiffs filed a tort claim with the City of Cathedral City.  As to the remaining factual allegations, Defendants lack sufficient information and belief upon which to answer them, and on that basis deny the allegations.

**SUCCESSOR-IN-INTEREST AFFIDAVIT FILED**

6.     Answering paragraph 6, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

7.     Answering paragraph 7, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

///
///

**PARTIES**

8.    Answering paragraph 8, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

9.    Answering paragraph 9, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

10.    Answering paragraph 10, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

11.    Answering paragraph 11, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

12.    Answering paragraph 12, Defendants admit that the County of Riverside is a governmental entity.  As to the remaining factual allegations, Defendants lack sufficient information and belief upon which to answer them, and on that basis deny the allegations.

13.    Answering paragraph 13, Admit.

14.    Answering paragraph 14, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

15.    Answering paragraph 15, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

16.    Answering paragraph 16, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

17.    Answering paragraph 17, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

18.    Answering paragraph 18, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

19.    Answering paragraph 19, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

20.    Answering paragraph 20, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

21.     Answering paragraph 21, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

22.     Answering paragraph 22, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

23.     Answering paragraph 23, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

24.     Answering paragraph 24, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

25.     Answering paragraph 25, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

26.     Answering paragraph 26, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

27.     Answering paragraph 27, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

28.     Answering paragraph 28, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

29.     Answering paragraph 29, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

30.     Answering paragraph 30, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

31.     Answering paragraph 31, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

32.     Answering paragraph 32, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

33.     Answering paragraph 33, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

34.     Answering paragraph 34, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

35.     Answering paragraph 35, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

36.     Answering paragraph 36, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

37.     Answering paragraph 37, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

38.     Answering paragraph 38, Defendants admit that the City of Cathedral City employed an Officer Claudiu Murzea at the time of the alleged incident.  As to the remaining factual allegations, Defendants lack sufficient information and belief upon which to answer them, and on that basis deny the allegations.

39.     Answering paragraph 39, Defendants admit that the City of Cathedral City employed an Officer Daniel Anes at the time of the alleged incident.  As to the remaining factual allegations, Defendants lack sufficient information and belief upon which to answer them, and on that basis deny the allegations.

40.     Answering paragraph 40, Defendants admit that the City of Cathedral City employed an Officer Joseph Brooks at the time of the alleged incident.  As to the remaining factual allegations, Defendants lack sufficient information and belief upon which to answer them, and on that basis deny the allegations.

41.     Answering paragraph 41, Defendants admit that the City of Cathedral City employed an Officer Matthew Buehler at the time of the alleged incident.  As to the remaining factual allegations, Defendants lack sufficient information and belief upon which to answer them, and on that basis deny the allegations.

42.     Answering paragraph 42, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

43.     Answering paragraph 43, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

44.     Answering paragraph 44, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

45.     Answering paragraph 45, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

**STATEMENT OF FACTS**

46.     Answering paragraph 46, which incorporates by reference the allegations in the previous paragraphs of the Complaint, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

1       47.    Answering paragraph 47, Defendants lack sufficient information and
2 belief upon which to answer the factual allegations contained therein, and on that
3 basis deny the allegations.

4

5       48.    Answering paragraph 48, Defendants lack sufficient information and
6 belief upon which to answer the factual allegations contained therein, and on that
7 basis deny the allegations.

8

9       49.    Answering paragraph 49, Defendants lack sufficient information and
10 belief upon which to answer the factual allegations contained therein, and on that
11 basis deny the allegations.

12

13       50.    Answering paragraph 50, Defendants lack sufficient information and
14 belief upon which to answer the factual allegations contained therein, and on that
15 basis deny the allegations.

16

17       51.    Answering paragraph 51, Defendants lack sufficient information and
18 belief upon which to answer the factual allegations contained therein, and on that
19 basis deny the allegations.

20

21       52.    Answering paragraph 52, Defendants lack sufficient information and
22 belief upon which to answer the factual allegations contained therein, and on that
23 basis deny the allegations.

24

25       53.    Answering paragraph 53, Defendants lack sufficient information and
26 belief upon which to answer the factual allegations contained therein, and on that
27 basis deny the allegations.

28

54.     Answering paragraph 54, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

55.     Answering paragraph 55, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

56.     Answering paragraph 56, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

57.     Answering paragraph 57, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

58.     Answering paragraph 58, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

59.     Answering paragraph 59, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

60.     Answering paragraph 60, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

61.    Answering paragraph 61, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

62.    Answering paragraph 62, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

63.    Answering paragraph 63, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

64.    Answering paragraph 64, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

65.    Answering paragraph 65, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

66.    Answering paragraph 66, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

67.    Answering paragraph 67, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

68.     Answering paragraph 68, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

69.     Answering paragraph 69, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

70.     Answering paragraph 70, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

71.     Answering paragraph 71, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

72.     Answering paragraph 72, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

73.     Answering paragraph 73, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

74.     Answering paragraph 74, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

1        75.     Answering paragraph 75, Defendants lack sufficient information and
2   belief upon which to answer the factual allegations contained therein, and on that
3   basis deny the allegations.

4

5        76.     Answering paragraph 76, Defendants lack sufficient information and
6   belief upon which to answer the factual allegations contained therein, and on that
7   basis deny the allegations.

8

9        77.     Answering paragraph 77, Defendants lack sufficient information and
10  belief upon which to answer the factual allegations contained therein, and on that
11  basis deny the allegations.

12

13       78.     Answering paragraph 78, Defendants lack sufficient information and
14  belief upon which to answer the factual allegations contained therein, and on that
15  basis deny the allegations.

16

17       79.     Answering paragraph 79, Defendants lack sufficient information and
18  belief upon which to answer the factual allegations contained therein, and on that
19  basis deny the allegations.

20

21       80.     Answering paragraph 80, Defendants lack sufficient information and
22  belief upon which to answer the factual allegations contained therein, and on that
23  basis deny the allegations.

24

25       81.     Answering paragraph 81, Defendants lack sufficient information and
26  belief upon which to answer the factual allegations contained therein, and on that
27  basis deny the allegations.

28

82.     Answering paragraph 82, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

83.     Answering paragraph 83, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

84.     Answering paragraph 84, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

85.     Answering paragraph 85, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

86.     Answering paragraph 86, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

a.     Answering paragraph 86(a), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

b.     Answering paragraph 86(b), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

c.      Answering paragraph 86(c), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

d.      Answering paragraph 86(d), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

e.      Answering paragraph 86(e), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

f.      Answering paragraph 86(f), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

87.      Answering paragraph 87, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

88.      Answering paragraph 88, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

89.      Answering paragraph 89, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

90.     Answering paragraph 90, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

91.     Answering paragraph 91, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

92.     Answering paragraph 92, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

93.     Answering paragraph 93, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

94.     Answering paragraph 94, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

95.     Answering paragraph 95, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

96.     Answering paragraph 96, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

Allegations re Patterns & Practices

97.     Answering paragraph 97, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

a.     Answering paragraph 97(a), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

b.     Answering this paragraph 97(b), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

c.     Answering this paragraph 97(c), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

d.     Answering this paragraph 97(d), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

e.     Answering this paragraph 97(e), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

f.     Answering this paragraph 97(f), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

g.      Answering this paragraph 97(g), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

h.      Answering this paragraph 97(h), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

98.     Answering paragraph 98, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

99.     Answering paragraph 99, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

100.    Answering paragraph 100, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

101.    Answering paragraph 101, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

102.    Answering paragraph 102, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

103.   Answering paragraph 103, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

104.   Answering paragraph 104, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

105.   Answering paragraph 105, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

106.   Answering paragraph 106, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

107.   Answering paragraph 107, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

108.   Answering paragraph 108, Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

a.   Answering paragraph 108(a), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

b.      Answering paragraph 108(b), Defendants lack sufficient information and belief upon which to answer the factual allegations contained therein, and on that basis deny the allegations.

**First Claim**

**Violation of 42 U.S.C. §1983**

**Deliberate Indifference to Serious Medical Needs By Plaintiff Mary Garcia as Successor-In-Interest to the Estate of Phillip Soto Garcia, Jr. Against Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer, Maldonado, Steele, Tesillo, Ayala and Does 1 to 50; and Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80**

109.  Answering paragraphs 109-126 of the First Claim which the Court has dismissed, Defendants deny these allegations.

**Second Claim**

**(Wrongful Death – Cruel and Unusual Punishment)**

**42 U.S.C. § 1983**

**By Plaintiff Mary Garcia, as Successor-In-Interest to the Estate of Phillip Soto Garcia, Jr. Against County Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer, Maldonado, Steele, Tesillo, Ayala and Does 1 to 50 and Defendants Murzea, Anes, Brooks, Buehler and DOES 51 to 80**

110.   Answering paragraphs 127-133 of the Second Claim which the Court has dismissed, Defendants deny these allegations.

**Third Claim**

**Right of Association**

**By Plaintiffs against Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer, Maldonado, Steele, Tesillo, Ayala and Does 1 to 50.**

111.   Answering paragraphs 134-142 of the Third Claim which the Court has dismissed, Defendants deny these allegations.

**Fourth Claim**

**Excessive Force**

**By Plaintiff Mary Garcia as Successor-In-Interest to the Estate of Phillip Soto Garcia, Jr. Against Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer, Maldonado, Steele, Tesillo, Ayala and Does 1 to 50.**

112.   Answering paragraph 143, which incorporates by reference the allegations in the previous paragraphs of the Complaint, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

///
///

113.   Answering  paragraph 144, Defendants deny the allegations.

      a.     Answering paragraph 144 (a), Defendants deny the allegations.

      b.     Answering paragraph 144 (b), Defendants deny the allegations.

      c.     Answering paragraph 144 (c), Defendants deny the allegations.

      d.     Answering paragraph 144 (d), Defendants deny the allegations.

      e.     Answering paragraph 144 (e), Defendants deny the allegations.

114.   Answering paragraph 145, Defendants deny the allegations.

115.   Answering paragraph 146, Defendants deny the allegations.

116.   Answering this paragraph, Defendants deny the allegations.

117.   Answering paragraph 147, Defendants deny the allegations.

118.   Answering paragraph 148, Defendants deny the allegations.

119.   Answering paragraph 149, Defendants deny the allegations.

120.   Answering paragraph 150, Defendants deny the allegations.

121.   Answering paragraph 151, Defendants deny the allegations.

122.   Answering paragraph 152, Defendants deny the allegations.

123.   Answering paragraph 153, Defendants deny the allegations.

124.   Answering paragraph 154, Defendants deny the allegations.

125.   Answering paragraph 155, Defendants deny the allegations.

**Fifth Claim**

**Failure to Intervene (42 U.S.C. §1983)**

**By Plaintiff Mary Garcia as Successor-In-Interest to the Estate of Phillip Soto Garcia, Jr. Against Defendants Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer, Maldonado, Steele, Tesillo, Ayala and Does 1 to 50**

126.   Answering paragraph 157, which incorporates by reference the allegations in the previous paragraphs of the Complaint, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

127.   Answering paragraph 158, Defendants deny the allegations.

128.   Answering paragraph 159, Defendants deny the allegations.

129.   Answering paragraph 160, Defendants deny the allegations.

130.   Answering paragraph 161, Defendants deny the allegations.

131.   Answering paragraph 162, Defendants deny the allegations.

**Sixth Claim**

**Violation of 42 U.S.C. §1983**

**Failure to Properly Train**

**By Plaintiff Mary Garcia as Successor-Interest to the Estate of**

**Phillip Soto Garcia, Jr., against County of Riverside, Defendants**

**Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, Ayala and**

**DOES 1 to 50**

132.   Answering paragraphs 163-172 of the Sixth Claim, Defendants deny the allegations, which the Court has dismissed as to the City of Cathedral City, in accordance with the parties' stipulation, and which the Court has dismissed as to the County of Riverside.

**Seventh Claim**

**Violation of 42 U.S.C. §1983**

**Failure to Supervise & Discipline**

**By Plaintiff Mary Garcia as Successor-In-Interest to the**

**Estate of Phillip Soto Garcia, Jr. against County of Riverside, Sniff,**

**DiYorio, Ibarra,Gutierrez, Kondrit, Magana, Ayala and Does 1 to 50**

133.   Answering paragraphs 173-182 of the Sixth Claim, defendants deny the allegations, which the Court has dismissed as to the City of Cathedral City, in accordance with the parties' stipulation, and which the Court has dismissed as to the County of Riverside.

**Eighth Claim**

**Violation of 42 U.S.C. §1983**

**Monell Municipal Liability**

**By Plaintiffs against County of Riverside and Cathedral City**

134.   Answering paragraphs 183-196 pf the Eighth Claim, Defendants deny the allegations, which the Court has dismissed as to the City of Cathedral City, in accordance with the parties' stipulation.  As to the allegations as to the County of Riverside, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations these paragraphs, and therefore deny those allegations.

**Ninth Claim**

**Violation of 42 U.S.C. §1983**

**Failure to Protect & Cruel and Unusual Punishment**

**Fourteenth Amendment**

**By Plaintiff Mary Garcia as Successor-In-Interest to the Estate of Phillip Soto Garcia, Jr., against County Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer, Maldonado, Steele, Tesillo, Ayala and Does 1 to 50**

135.   Answering paragraphs 197-205 of the Ninth Claim, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of these allegations, which are directed to Defendants other than the Answering Defendants, and therefore deny those allegations.

///

///

**Tenth Claim**

**Violation of Americans With Disabilities Act**

**By Plaintiffs against Defendants County and City**

137.   Answering paragraph 206, which incorporates by reference the allegations in the previous paragraphs of the Complaint, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

138. Answering paragraph 207, as to the City and City employee Defendants, Defendants deny the allegations.

139.   Answering paragraph 208, as to the City and City employee Defendants, Defendants deny the allegations.

140.   Answering paragraph 209, as to the City and City employee Defendants, Defendants deny the allegations.

141.   Answering paragraph 210, as to the City and City employee Defendants, Defendants deny the allegations.

142.   Answering paragraph 211, as to the City and City employee defendants, Defendants deny the allegations.

143.   Answering paragraph 212, as to the City and City employee Defendants, Defendants deny the allegations.

144.   Answering paragraph 213, as to the City and City employee Defendants, Defendants deny the allegations.

1    145.   Answering paragraph 214, as to the City and City employee

2    Defendants, Defendants deny the allegations.

3

4    146.   Answering paragraph 215, as to the City and City employee

5    Defendants, Defendants deny the allegations.

6

7    147.   Answering paragraph 216, as to the City and City employee

8    Defendants, Defendants deny the allegations.

9

10                         **Eleventh Claim**

11                 **Wrongful Death – CCP 377.60, et seq.**

12    **By Plaintiffs against County, Sniff, Di Yorio, Ibarra, Gutierrez,**

13    **Kondrit, Magana, Ayala, City of Cathedral City, Murzea, Anes,**

14    **Brooks, Buehler, City Employees DOES 51 to 80 and County**

15    **Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley,**

16    **Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango,**

17    **Kramer, Maldonado, Steele, Tesillo, and Does 1 to 50.**

18

19    148.   Answering paragraphs 217-222 of the Eleventh Claim, which the Court

20    dismissed at the August 13, 2018 scheduling conference as it declined to accept

21    supplemental jurisdiction over this state court claim, Defendants deny the

22    allegations.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**Twelfth Claim**

**(Violation of Civil Code § 52.1)**

**By Plaintiff Mary Garcia as Successor-In-Interest to the Estate of Phillip Soto Garcia, Jr. against Defendant County, City, Murzea, Anes, Brooks, Buehler and City employees DOES 51 to 80 and County Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer, Maldonado, Steele, Tesillo, Ayala and Does 1 to 50.**

149.   Answering paragraphs 223-227 of the Eleventh Claim, which the Court dismissed at the August 13, 2018 scheduling conference as it declined to accept supplemental jurisdiction over this state court claim, Defendants deny the allegations.

**Thirteenth Claim**

**State Law Negligence**

**By Plaintiffs against Defendants County, Sniff, Di Yorio, Ibarra, Gutierrez, Kondrit, Magana, Ayala, City of Cathedral City, Murzea, Anes, Brooks, Buehler and County Defendants Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer, Maldonado, Steele, Tesillo, and Does 1 to 50 and City employees DOES 51 to 80**

150.   Answering paragraphs 228-233 of the Eleventh Claim, which the Court dismissed at the August 13, 2018 scheduling conference as it declined to accept supplemental jurisdiction over this state court claim, Defendants deny the allegations.

1  **Fourteenth Claim**

2  **Assault & Battery**

3  **By Plaintiffs Against Defendants Murzea, Anes, Brooks, Buehler**

4  **and City Employees DOES 51 to 80 and County Defendants**

5  **Pearson, Cordero, Llanos, Hinson, Bergert, Caverley, Rodarte-**

6  **Lugo, Miranda, Figueroa, Lopez, Varoni, Tarango, Kramer,**

7  **Maldonado, Steele, Tesillo, Ayala and Does 1 to 50, and City**

8  **employees DOES 51 to 80**

9

10  151.   Answering paragraphs 234-237 of the Eleventh Claim, which the Court

11  dismissed at the August 13, 2018 scheduling conference as it declined to accept

12  supplemental jurisdiction over this state court claim, Defendants deny the

13  allegations.

14

15  **Fifteenth Claim**

16  **42 USC § 1983 - False Arrest**

17  **By Plaintiff Mary Garcia as Successor-In-Interest to Estate of**

18  **Phillip Soto Garcia, Jr., against Defendants Murzea, Anes, Brooks,**

19  **Buehler and City employees DOES 51 to 80**

20

21  152.   Answering paragraphs 238-248 of the Fifteenth claim, which the Court

22  has dismissed, Defendants deny the allegations.

23

24  **PRAYER**

25

26  153.   Defendants deny that plaintiffs are entitled to any damages.  Also, the

27  prayer for punitive damages has been stricken from the First Amended Complaint.

28

**AFFIRMATIVE DEFENSES**

154.   As separate and distinct affirmative defenses, Defendants the City of Cathedral City and its employees Officer Cladiu Murzea, Officer Daniel Anes, Officer Joseph Brooks and Officer Matthew Buehler each allege:

**First Affirmative Defense**

(Failure to State Facts)

155.  The complaint and each separate allegation contained therein fail to state facts sufficient to support the requested relief.

**Second Affirmative Defense**

(Qualified Immunity - Federal)

156.   Defendants are protected from liability under the doctrine of qualified immunity because the alleged conduct of Defendant's employees did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

**Third Affirmative Defense**

(Statute of Limitations)

157.   This action is barred by the applicable statute of limitations.

///
///
///
///

**Fourth Affirmative Defense**

(Contributory Wrongdoing by the Decedent, Phillip Soto Garcia, Jr.)

158.   Defendants allege that the decedent, Phillip Soto Garcia, Jr., failed to use ordinary care, caution, and prudence, and engaged in intentional wrongdoing, in and about the matters alleged in the operative complaint and in each cause of action therein.  The answering Defendants further allege that the damages alleged were directly and proximately caused and contributed to by the by the wrongdoing of the decedent, Phillip Soto Garcia, Jr., and the extent of damages sustained, if any, should be reduced in proportion to the amount of that wrongdoing.

**Fifth Affirmative Defense**

(Contributory Wrongdoing by Other Persons)

159.   Defendants allege that the damages complained of by Plaintiffs, if any, where either wholly or in part directly and proximately caused and contributed to by the negligence or other culpable conduct of other persons or entities other than these answering Defendants.  The damages alleged, if any, were directly and proximately caused and contributed to by the wrongdoing of other persons, and the extent of damages sustained, if any, should be reduced in proportion to the amount of that wrongdoing

**Sixth Affirmative Defense**

(Self-Defense)

160.   The force used against the decedent, Phillip Soto Garcia, Jr., if any, was caused and necessitated by the actions of the decedent, Phillip Soto Garcia, Jr., and was reasonable and necessary for self-defense.

**Seventh Affirmative Defense**

(Defense of Others)

161.   The force used against the decedent, Phillip Soto Garcia, Jr., if any, was caused and necessitated by the actions of the decedent, Phillip Soto Garcia, Jr., and was reasonable and necessary for the defense of others.

**Eighth Affirmative Defense**

(Officers Acted in Good Faith)

162.   Defendant alleges that any City of Cathedral City employee referred to in the Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers.

**Ninth Affirmative Defense**

(Officers Acted In Regularly Assigned Duties as Police Officers)

163.   These answering Defendants alleges that the Officer Defendants are acting police officers of the City of Cathedral City and peace officers of the State of California, and that at all times herein mentioned, these employees were engaged in the performance of their regularly assigned duties as police officers.

**Tenth Affirmative Defense**

(Officers Actions Were Reasonable)

164.   These answering Defendants allege that the Officer Defendants' actions at all times alleged in the complaint were reasonable, proper, and legal.

**Eleventh Affirmative Defense**

(Public Employees Not Liable for Law Enforcement)

165.   The Officer Defendants, as public employees, are not liable for their acts or omissions, exercising due care in the enforcement of any law.

**Twelfth Affirmative Defense**

(Public Employees Not Liable for Acts or Omissions of Other Persons)

166.   The Officer Defendants, as public employees, are not liable for any injury caused by the act or omission of another person.

**Thirteenth Affirmative Defense**

(Public Employees - Discretionary Acts)

167.   The Officer Defendants, as public employees, are not liable for an injury resulting from their acts or omissions where the acts or omissions were the results of the exercise of the discretion vested in them.

**Fourteenth Affirmative Defense**

(Public Employees - Official Acts Immunity)

168.   The Officer Defendants, as public employees, are immune from liability for acts undertaken in an official capacity, in good faith, upon a reasonable mistake and in accordance with clearly established law.

///

///

///

**Fifteenth Affirmative Defense**

(No Liability to Persons Escaping Arrest)

169.   Neither a public entity nor a public employee is liable for any injury caused by a person attempting to escape or resist arrest.

**Sixteenth Affirmative Defense**

(Reasonable Use of Force)

170.   The force, if any, used upon Decedent Phillip Soto Garcia, Jr. was reasonable and necessary under the circumstances, and the injuries or damages allegedly suffered by Plaintiffs were due to and caused by reason of Decedent's unlawful acts and conduct.

**Seventeenth Affirmative Defense**

(Reasonable Use of Force)

171.   If any force was used upon Decedent, that force was caused and necessitated by the unlawful acts of the Decedent and was necessary and reasonable.

**Eighteenth Affirmative Defense**

(Reasonable Cause)

172.   The City of Cathedral City and its employees had reasonable cause to believe that a public offense was being committed in the presence of its officers and that Decedent had committed that and other public offenses.

## Nineteenth Affirmative Defense

### (Mistaken Belief)

173.   Defendants are not liable for a reasonable, but mistaken belief.

## Twentieth Affirmative Defense

### (Lack of Standing)

174.   Plaintiffs have no standing to bring this action.  They have failed to comply with the provisions of California Civil Code § 377 et seq.

## Twenty-First Affirmative Defense

### (Medical Care Summoned)

175.   Medical care was promptly summoned and provided to Decedent.

## Twenty-Second Affirmative Defense

### (Additional Immunities)

176.   Defendants allege that they are entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

///
///
///
///
///

**Twenty-Third Affirmative Defense**

(Reasonableness In Light of Exigent Circumstances)

(28 C.F.R. § 35.130(b)(7))

177.     Defendants allege that at the time the City's officers used reasonable force towards decedent, and during the events preceding the use of force, the decedent's actions including decedent's reported bizarre behavior, his having injured his 87 year-old housemate, and his actions toward the City's officers, created exigent circumstances. Under those circumstances, it would be unreasonable to require them to make accommodations or modifications in their policies, practices, procedures, or actions for any real or apparent disability the decedent had. To require the officers to factor into their decisions whether their actions would comply with the ADA or the Rehabilitation Act prior to securing the safety of themselves, other officers, and nearby civilians, would pose an unnecessary risk to innocents.

**Twenty-Fourth Affirmative Defense**

(In Light of Exigent Circumstances, Decedent Not

Qualified Individual With Disability)

(42 U.S.C. § 12131(2))

178.     Defendants allege that at the time the City's officers used reasonable force towards decedent, and during the events preceding the use of force, including decedent's reported bizarre behavior, his having injured his 87 year-old housemate, and his actions toward the City's officers, created exigent circumstances.  Under those circumstances it would be unreasonable to require them to make accommodations or modifications in their policies, practices, procedures, or actions for any real or apparent disability the decedent had. The decedent was therefore not

a qualified person with a disability under Title II of the ADA or under the
Rehabilitation Act.

**Twenty-Fifth Affirmative Defense**

(Decedent Was Direct Threat to Health or Safety of Others)

(28 C.F.R. §§ 35.104, 35.139(a))

179.   Defendants allege that at the time the City's officers used reasonable
force towards decedent, and during the events preceding the use of force, the
decedent's actions including his reported bizarre behavior, his having injured his 87
year-old housemate, and his actions toward the City's officers, created exigent
circumstances. Under those circumstances, decedent posed a direct threat to the
health or safety of others. That threat could not be eliminated by a modification of
policies, practices, or procedures, or by providing auxiliary aides or services.
Because he posed a direct threat to public health or safety, the decedent was not a
qualified person with a disability under Title II of the ADA or under the
Rehabilitation Act; the City was not required to permit him to participate in or
benefit from the services, programs, or activities of the City; and the City did not
infringe his rights by using force upon him or by taking the other actions they took
at the scene.

**Twenty-Sixth Affirmative Defense**

(Fundamental Alteration of Nature of Service,

Program, or Activity)

(28 C.F.R. §§ 41.53, 35.130(b)(7)

180.   Defendants allege that in light of the decedent's actions before and
during the City's officers' use of reasonable force, including decedent's reported

bizarre behavior, his having injured his 87 year-old housemate, and his actions toward the City's officers, the police could not modify their services, programs, or activities of enforcing the law and protecting themselves and the public by use of force, and the other tactics and actions taken at the scene, without fundamentally altering the nature of those services, programs, or activities.

**Twenty-Seventh Affirmative Defense**

(Legitimate Safety Requirements)

(28 C.F.R. § 35.130(h))

181.   Defendants allege that in light of the actual risk posed to officer and public safety by the decedent's actions before and during the City's officers' use of reasonable force, including decedent's reported bizarre behavior, his having injured his 87 year-old housemate, and his actions toward the City's officers, there was a legitimate safety requirement for the City's officers to use force toward decedent, and take the other actions they took, to protect themselves and the public.

**Twenty-Eighth Affirmative Defense**

(Decedent's Use of Illegal Drugs)

(28 C.F.R. §§ 35.104, 35.131(a)(1))

182.   Defendants allege that at the time the City's officers took the actions toward decedent alleged in plaintiffs' complaint, decedent was either under the influence of illegal drugs that, in whole or in part, caused the decedent's conduct which led to the officers using reasonable force toward him and taking the other actions alleged in the complaint; or the officers reasonably believed he had taken drugs recently enough that they caused or contributed to his actions. Neither Title II of the ADA nor the Rehabilitation Act prohibited the City or its officers from taking

the actions alleged based on decedent's then-current use of illegal drugs.

**Twenty-Ninth Affirmative Defense**

(Decedent's Illegal Conduct)

183.   Defendants allege that the City's officers took the actions alleged in the complaint because of the decedent's actual or apparent illegal conduct at the scene, including breaking a neighbor's window, his bizarre behavior, his having injured  his 87-year old housemate, and his actions towards City officers at the scene.  The officers did not mistake legal conduct caused by a disability for illegal conduct.  In light of the decedent's actions, no reasonable accommodation or modification of the City's services, programs, or policies would have changed the outcome or prevented decedent's death.

**Thirtieth Affirmative Defense**

(Undue Hardship)

(28 C.F.R. §§ 41.53, 35.130(b)(7))

184.   Defendants allege that in light of the decedent's actions before and during the City's officers' use of reasonable force, including the decedent's neighbor's report of bizarre behavior by decedent including his breaking a window to their home; the decedent presenting at the door of his home to officers with a menacing look on his face, blood on his clothing, shouting vulgarities and speaking incoherently; and the decedent's 87-year old neighbor being injured in his bed in decedent's home, any accommodation of decedent's physical or mental limitations would impose an undue hardship on the operation of the City's officers' program, services, and activities in enforcing the law and protecting themselves and the public.

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing by this action;

2.     That the action be dismissed;

3.     That the Defendants be awarded costs of suit;

4.     That the Defendants be awarded attorneys' fees pursuant to California Code of Civil Procedure §§ 1021.7 and 1038 and 42 U.S.C. § 1988; and

5.     That the Defendants be awarded other and further relief as the Court may deem just and proper.

DATED: September 18, 2018          POLLAK, VIDA & BARER
                                   DANIEL P. BARER
                                   ANNA L. BIRENBAUM


                         By:     /s/ Daniel P. Barer
                                 Daniel P. Barer
                                 Attorneys for Defendants City of Cathedral
                                 City and its employees Officer Cladiu
                                 Murzea, Officer Daniel Anes,
                                 Officer Joseph Brooks and Officer Matthew
                                 Buehler

**Demand for Jury Trial**

The City of Cathedral City and its employees Officer Cladiu Murzea, Officer Daniel Anes, Officer Joseph Brooks and Officer Matthew Buehler demand a jury trial in this case.


DATED: September 18, 2018          POLLAK, VIDA & BARER
                                   DANIEL P. BARER
                                   ANNA L. BIRENBAUM


                         By:     /s/ Daniel P. Barer
                                 Daniel P. Barer
                                 Attorneys for Defendants City of Cathedral
                                 City and its employees Officer Cladiu
                                 Murzea, Officer Daniel Anes,
                                 Officer Joseph Brooks and Officer Matthew
                                 Buehler

G:\WPDOCS\7580\7580.040\P\AnswerFAC3-alb-091818.wpd.wpd

**PROOF OF SERVICE**                                    7580.040
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11150 West Olympic Boulevard, Suite 900, Los Angeles, California  90064-1830.

On September 18, 2018, I served the foregoing document described as **ANSWER OF DEFENDANTS CITY OF CATHEDRAL CITY AND ITS EMPLOYEES OFFICER CLADIU MURZEA, OFFICER DANIEL ANES, OFFICER JOSEPH BROOKS AND OFFICER MATTHEW BUEHLER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[X]    (**BY EMAIL**) I hereby certify that I electronically filed the foregoing with the Court by using their electronic system on September 18, 2018 and that all participants in the case are registered users and that service will be accomplished by the Court's electronic service system.

[X]    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 18, 2018, at Los Angeles, California.


/s/ Elia Leyba
Elia Leyba

G:\WPDOCS\7580\7580.040\P\AnswerFAC3-alb-091818.wpd.wpd

1

**SERVICE LIST**

2

*Mary H. Garcia, etc., et al. v. County of Riverside, etc., et al.*
United States District Court, Central District of California
Case No. 5:18-cv-00839 SJO (ASx)

3

4

| | |
|---|---|
| Robert A. Trujillo<br>Melody A. Trujillo<br>Trujillo & Trujillo, APLC<br>41593 Winchester Road, Suite 201<br>Temecula, CA 92590<br>Tel: (951) 296-9529<br>Fax: (951) 296-9533<br>rt@trujillo-law.us<br>trulaw@trujillo-law.us | Counsel for Plaintiff<br>Mary H. Garcia, individually<br>and as successor-in-interest to<br>Estate of Phillip Soto Garcia, Jr.<br>(Deceased); Angelo Garcia;<br>Phillip J. Garcia |
| Suzanne C. Skolnick<br>Skolnick Law Group<br>2888 Loker Avenue E, Suite 110-F<br>Carlsbad, CA 92010<br>Tel: (760) 405-4397<br>Fax: (760) 585-4676<br>suzanne@skolnicklawgroup.com | Co-Counsel for Plaintiff<br>Mary H. Garcia, individually<br>and as successor-in-interest to<br>Estate of Phillip Soto Garcia, Jr.<br>(Deceased); Angelo Garcia;<br>Phillip J. Garcia |
| Lewis Khashan<br>Khashan Law Firm APC<br>38975 Sky Canyon Drive, Suite 201<br>Murrieta, CA 92563<br>Tel: (951) 775-7279<br>Fax: (909) 658-8981<br>Lewis@khashanlaw.com | Co-Counsel for Plaintiff<br>Mary H. Garcia, individually<br>and as successor-in-interest to<br>Estate of Phillip Soto Garcia, Jr.<br>(Deceased); Angelo Garcia;<br>Phillip J. Garcia |
| Arthur Cunningham<br>James C. Packer<br>Lewis Brisbois Bisgaard & Smith LLP<br>75- East Hospitality Lane, Suite 600<br>San Bernardino, CA 92408<br>Tel: (909) 387-1130<br>Fax: (909) 387-1138<br>Arthur.Cunningham@lewisbrisbois.com<br>james.packer@lewisbrisbois.com | Counsel for Defendants<br>County of Riverside and its<br>employees, Stanley Sniff;<br>William Di Yorio; Julio Ibarra;<br>Jerry Gutierrez; David Kondrit;<br>and Sergeant Magana, et al. |
| Christopher D. Lockwood<br>Arias & Lockwood<br>1881 S. Business Center Drive, Suite 9A<br>San Bernardino, CA 92408<br>Tel: (909) 890-0125<br>Fax: (909) 890–0185<br>Christopher.Lockwood@AriasLockwood.com | Co-Counsel for Defendants<br>County of Riverside and its<br>employees, Stanley Sniff;<br>William Di Yorio; Julio Ibarra;<br>Jerry Gutierrez; David Kondrit;<br>and Sergeant Magana, et al. |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Peter J. Ferguson<br>Kyle R. Bevan<br>Ferguson Praet & Sherman APC<br>1631 East 18th Street<br>Santa Ana, CA 92705<br>Tel: (714) 953-5300<br>Fax: (714) 953-1143<br>peterferg@aol.com<br>kbevan@law4cops.com | Co-Counsel for Defendants<br>City of Cathedral City and its<br>employees Officer Cladiu<br>Murzea, Officer Daniel Anes,<br>Officer Joseph Brooks, and<br>Officer Matthew Buehler |
|---|---|