1 │ Arthur K. Cunningham, SBN 97506
   │ Arthur.Cunningham@LewisBrisbois.Com
2 │ James C. Packer, SBN 77675
   │ James.Packer@LewisBrisbois.Com
3 │ **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   │ 650 East Hospitality Lane, Suite 600
4 │ San Bernardino, California 92408
   │ (909) 387-1130 - Phone
5 │ (909) 387-1138 - Fax

6 │ Christopher D. Lockwood, SBN 110853
   │ christopher.lockwood@AriasLockwood.com
7 │ **Arias & Lockwood, Attorneys at Law**
   │ 1881 S. Business Center Drive, Suite 9A
8 │ San Bernardino, California 92408
   │ (909) 890-0125 - Phone
9 │ (909) 890-0185 - Fax

10 │ Attorneys for Defendants Sergeant Ayala, Deputy Figueroa, Deputy Pearson,
    │ Deputy Lopez, Deputy Cordero, Deputy Llanos, Deputy Hinson, Deputy Caverley,
11 │ Deputy Rodarteo-Lugo, Deputy Miranda, Deputy Varoni, Deputy Maldonado,
    │ Deputy Kramer, Deputy Tarango, Deputy Steele, Deputy Bergert, Deputy Tesillo
12 │

13 │ UNITED STATES DISTRICT COURT

14 │ CENTRAL DISTRICT OF CALIFORNIA

15 │ MARY H. GARCIA, individually and as )   CASE NO.: 5:18 CV 839 SJO (ASx)
    │ successor-in-interest to Estate of Phillip )
16 │ Soto Garcia, Jr. (Deceased); ANGELO )   ANSWER TO **SECOND AMENDED**
    │ GARCIA; and PHILLIP J. GARCIA, )   COMPLAINT
17 │                                           )
    │           Plaintiffs,                     )   DEMAND FOR TRIAL BY JURY
18 │                                           )
    │      vs.                                  )
19 │                                           )
    │ SERGEANT AYALA et al,                     )
20 │                                           )
    │           Defendants.                     )
21 │                                           )
22 │                                           )
23 │                                           )
24 │                                           )
25 │                                           )
26 │ _____ )
27 │
28 │

*(left margin vertical text:)* **ARIAS & LOCKWOOD** · 1881 S. Business Center Drive, Suite 9A · San Bernardino, California 92408

Defendants Sergeant Ayala, Deputy Figueroa, Deputy Pearson, Deputy Lopez, Deputy Cordero, Deputy Llanos, Deputy Hinson, Deputy Caverley, Deputy Rodarteo-Lugo, Deputy Miranda, Deputy Varoni, Deputy Maldonado, Deputy Kramer, Deputy Tarango, Deputy Steele, Deputy Bergert, and Deputy Tesillo answer the second amended complaint as follows:

*Preliminary statement*

    1.  The allegations are denied.

    2.  The allegations are denied.

*Jurisdiction*

    3.  Federal jurisdiction is admitted.

*Venue*

    4.  The allegation of "unlawful acts and practices" is denied.  Venue is admitted.

*Claims requirement*

    5.  It is admitted that plaintiffs filed a claim for damages.

*Successor in interest affidavit*

    6.  It is admitted that plaintiff Mary Garcia filed a successor in interest affidavit.

    7.  The allegations are denied for lack of information and belief.

*Parties*

    8.  The allegations are denied for lack of information and belief.

    9.  The allegations are denied for lack of information and belief.

    10.  The allegations are denied for lack of information and belief.

    11.  The allegations are denied for lack of information and belief.

    12.  The allegations are admitted.

    13.  It is admitted that at the time of his contacts with decedent, Sergeant Ayala was employed as a correctional sergeant for the County of Riverside and had

the duties of a sergeant.  The remaining allegations are denied.

14.  It is admitted that at the time of his contacts with decedent, Deputy Figuroa was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

15.  It is admitted that at the time of his contacts with decedent, Deputy Pearson was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

16.  It is admitted that at the time of his contacts with decedent, Deputy Lopez was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

17.  It is admitted that at the time of his contacts with decedent, Deputy Cordero was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

18.  It is admitted that at the time of his contacts with decedent, Deputy Llanos was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

19.  It is admitted that at the time of his contacts with decedent, Deputy Hinson was employed as a deputy sheriff for the County of Riverside and had the

Answer to second amended complaint

duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

20.  It is admitted that at the time of his contacts with decedent, Deputy Caverley was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

21.  It is admitted that at the time of his contacts with decedent, Deputy Rodarte-Lugo was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

22.  It is admitted that at the time of his contacts with decedent, Deputy Miranda was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

23.  It is admitted that at the time of his contacts with decedent, Deputy Varoni was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

24.  It is admitted that at the time of his contacts with decedent, Deputy Maldonado was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

Answer to second amended complaint

25.  It is admitted that at the time of his contacts with decedent, Deputy Kramer was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

26.  It is admitted that at the time of his contacts with decedent, Deputy Tarango was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

27.  It is admitted that at the time of his contacts with decedent, Deputy Steele was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

28.  It is admitted that at the time of his contacts with decedent, Deputy Bergert was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

29.  It is admitted that at the time of his contacts with decedent, Deputy Tesillo was employed as a deputy sheriff for the County of Riverside and had the duties of a correctional deputy.  It is admitted that he used some reasonable force concerning decedent in response to decedent's actions.  The remaining allegations are denied.

30.  Since the residences of peace officers are confidential and the residences are not relevant to any issue in this lawsuit, the allegations are denied to protect the safety of the deputies.

Answer to second amended complaint

31.  The allegations are denied for lack of information and belief.

32.  The allegations are denied for lack of information and belief.

33.  The allegations are denied for lack of information and belief.

34.  The allegations are denied for lack of information and belief.

35.  The allegations concerning unidentified people are denied for lack of information and belief.

36.  The allegations concerning unidentified people are denied for lack of information and belief.

37.  The allegations concerning unidentified people are denied for lack of information and belief.

38.  The allegations concerning unidentified people are denied for lack of information and belief.

*Statement of facts*

39.  This paragraph incorporates prior paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

40.  It is admitted the officers responded to a 911 call. It is denied that plaintiffs have accurately described the call.

41.  It is admitted that the officers talked to Susan Wentworth and James Wentworth.  It is denied for lack of information and belief that plaintiffs have accurately described their conversations.

42.  It is admitted the officers went to decedent's house.  It is denied that plaintiffs have accurately described what occurred.

43.  The allegations are denied for lack of information and belief.

44. The allegations are denied for lack of information and belief.

45. The allegations are denied for lack of information and belief.

46.  It is admitted that the officers talked to Mary Garcia.  It is denied for lack of information and belief that plaintiffs have accurately described their conversations.

Answer to second amended complaint

47.  The allegations are denied for lack of information and belief.

48. The allegations are denied for lack of information and belief.

49.  It is admitted this is a partial summary of some of the medical records.  It is denied it is a complete summary or that it is accurate.

50.  It is admitted decedent was discharged and was transported to a County jail.  The remaining allegations are denied for lack of information and belief.

51.  The allegations are denied for lack of information and belief.

52.  The allegations are denied.

53.  It is admitted that as a reasonable response to decedent's actions, pepperballs were fired.  The remaining allegations are denied.

54.  The allegations are denied.

55.  The allegations are denied.

56.  It is admitted that as a reasonable response to decedent's actions, a stinger grenade was used.  The remaining allegations are denied.

57.  It is admitted that as a reasonable response to decedent's actions, a stinger grenade was used.  The remaining allegations are denied.

58.  The allegations are denied.

59.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

60.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

61.  It is admitted that deputies used reasonable force to secure decedent to a restraint chair in response to decedent's actions.  The remaining allegations are denied.

62.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

63.   It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

Answer to second amended complaint

64.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

65.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

66.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

67.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

68.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

69.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

70.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

71.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

72.  The allegations are denied.

73.  It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

74.  The allegations are denied.

75. It is admitted that deputies used reasonable force in response to decedent's actions.  The remaining allegations are denied.

76.  The allegations are denied.

77.  The allegations are denied.

78.  The allegations are denied.

79.  It is admitted that decedent died and that an amended certificate of death was issued.  The remaining allegations are denied.

80.  The allegations are denied.

7

Answer to second amended complaint

81. The allegations are denied.

81. The allegations are denied.

82. The allegations are denied.

83. The allegations are denied.

84. The allegations are denied.

85. The allegations are denied.

86. The allegations are denied.

87. The allegations are denied. In addition, the court previously dismissed the claim based on the Americas with Disabilities Act.

88. The allegations are denied.

89. The allegations are denied.

90. The allegations are denied.

91. The allegations are denied for lack of information and belief.

92. The allegations are denied for lack of information and belief. In addition, the court previously dismissed the claim based on the Americas with Disabilities Act.

93. The allegations are denied for lack of information and belief.

94. The allegations are denied for lack of information and belief.

95. It is admitted that plaintiffs have quoted a few snippets of a response to a grand jury report. It is denied that the snippets were quoted in full or in context.

96. It is admitted that the Gray case was filed and was settled. The remaining allegations are denied. In addition, all claims against the County of Riverside and the supervisor defendants were dismissed.

97. It is admitted that the Gray case was filed and was settled. The remaining allegations are denied. In addition, all claims against the County of Riverside and the supervisor defendants were dismissed.

98. It is admitted that the Gray case was filed and was settled. The remaining allegations are denied. In addition, all claims against the County of

Answer to second amended complaint

Riverside and the supervisor defendants were dismissed.

99. It is admitted that the Gray case was filed and was settled. The remaining allegations are denied. In addition, all claims against the County of Riverside and the supervisor defendants were dismissed.

100. It is admitted that the Gray case was filed and was settled. The remaining allegations are denied. In addition, all claims against the County of Riverside and the supervisor defendants were dismissed.

101. It is admitted that the Gray case was filed and was settled. The remaining allegations are denied. In addition, all claims against the County of Riverside and the supervisor defendants were dismissed.

102. It is admitted that plaintiffs quoted a few snippets from policies. It is denied that plaintiffs quoted the full policies or quoted the snippets in context.

103. It is admitted that plaintiffs summarized a few snippets from policies. It is denied that plaintiffs summarized the full policies or summarized the snippets in context.

104. The allegations are denied.

105. The allegations are denied.

*First claim*

106. This paragraph incorporates prior paragraphs by reference. The responses to those paragraphs are incorporated by reference.

107. The allegations are denied.

108. The allegations are denied.

109. The allegations are denied.

110. This paragraph alleges no facts. Any intended factual allegations are denied.

111. The allegations are denied.

112. It is denied that defendants acted under color of state law or in the course and scope of their employment "at all times." It is admitted that during their

Answer to second amended complaint

contact with decedent, defendants acted under color of state law and in the course and scope of their employment.

113.  The allegations are denied.

114.  The allegations are denied.

115.  The allegations are denied.

116.  The allegations are denied.

117.  The allegations are denied.

118.  The allegations are denied.

119.  The allegations are denied.

120.  The allegations are denied.

121.  It is admitted that plaintiff Mary Garcia seeks the specified type of damages.  It is denied that there is any factual basis for damages.

122.  The allegations are denied.

*Second claim*

123.  This paragraph incorporates prior paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

124.  The allegations are denied.

125.  The allegations are denied.

126.  The allegations are denied.

127.  The allegations are denied.

128.  The allegations are denied.

129.  The allegations are denied.

*Third claim*

130.  This paragraph incorporates prior paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

131.  The allegations are denied.

132.  The allegations are denied.

133.  The allegations are denied.

Answer to second amended complaint

134.  The allegations are denied.

135.  The allegations are denied.

136.  The allegations are denied.

137.  The allegations are denied.

138.  The allegations are denied.

*Fourth claim*

139.  This paragraph incorporates prior paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

140.  The allegations are denied.

141.  The allegations are denied.

142.  The allegations are denied for lack of information and belief.

143.  The allegations are denied.

144.  The allegations are denied.

145.  The allegations are denied.

146.  The allegations are denied.

147.  The allegations are denied.

148.  The allegations are denied for lack of information and belief.

149.  The allegations are denied.

150.  The allegations are denied.

151.  The allegations are denied.

152.  The allegations are denied for lack of information and belief.

153.  It is unknown what plaintiffs contend is the "relevant period" and the allegations are therefore denied for lack of information and belief.  It is admitted that during their contacts with decedent, defendants were acting in the course and scope of their employment for the County of Riverside.

154.  The allegations are denied.

155.  The allegations are denied.

156.  The allegations are denied.

Answer to second amended complaint

*Fifth claim*

157.  This paragraph incorporates prior paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

158.  This paragraph alleges no facts. Any intended factual allegations are denied.

159.  This paragraph alleges no facts. Any intended factual allegations are denied.

160.  The allegations are denied.

161.  The allegations are denied.

162.  The allegations are denied.

*Sixth claim*

163.  This paragraph incorporates prior paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

164.  The allegations are denied.

165.  The allegations are denied.

166.  The allegations are denied.

167.  The allegations are denied.

168.  The allegations are denied.

169.  The allegations are denied.

170.  The allegations are denied.

171.  The allegations are denied.

*Seventh claim*

172.  This paragraph incorporates prior paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

173. All claims against the City defendants were dismissed.  The allegations are denied.

174.  All claims against the City defendants were dismissed.  The allegations are denied.

Answer to second amended complaint

175.  All claims against the City defendants were dismissed.  The allegations are denied for lack of information and belief.

176.  All claims against the City defendants were dismissed.  The allegations are denied for lack of information and belief.

177.  All claims against the City defendants were dismissed.  The allegations are denied for lack of information and belief.

178.  All claims against the City defendants were dismissed.  The allegations are denied for lack of information and belief.

179.  All claims against the City defendants were dismissed.  The allegations are denied for lack of information and belief.

180.  All claims against the City defendants were dismissed.  The allegations are denied for lack of information and belief.

181.  All claims against the City defendants were dismissed.  The allegations are denied for lack of information and belief.

182.  All claims against the City defendants were dismissed.  The allegations are denied for lack of information and belief.

## DEFENSES

Defendants contend several of the following are part of plaintiffs' burden of proof rather than affirmative defenses on which defendants have the burden of proof, but assert them out of caution.

1.  Plaintiffs failed to allege facts to constitute a claim for relief.

2.  Any force used by defendants was reasonable under all of the relevant circumstances.

3.  Defendants are entitled to qualified immunity from suit.

4.  Defendants are entitled to an offset for any money paid by the City defendants in settlement.

///

Answer to second amended complaint

1  DATED: January 16, 2019              ARIAS & LOCKWOOD

2

3                                                    /s/
                                             Christopher D. Lockwood
4                                            Attorneys for defendants Sergeant Ayala,
                                             Deputy Figueroa, Deputy Pearson, Deputy
5                                            Lopez, Deputy Cordero, Deputy Llanos,
                                             Deputy Hinson, Deputy Caverley, Deputy
6                                            Rodarteo-Lugo, Deputy Miranda, Deputy
                                             Varoni, Deputy Maldonado, Deputy Kramer,
7                                            Deputy Tarango, Deputy Steele, Deputy
                                             Bergert, Deputy Tesillo
8

9

10                          **DEMAND FOR TRIAL BY JURY**

11         Defendants demand trial by jury.

12  DATED: January 16, 2019              ARIAS & LOCKWOOD

13

14                                                   /s/
                                             Christopher D. Lockwood
15                                           Attorneys for defendants Sergeant Ayala,
                                             Deputy Figueroa, Deputy Pearson, Deputy
16                                           Lopez, Deputy Cordero, Deputy Llanos,
                                             Deputy Hinson, Deputy Caverley, Deputy
17                                           Rodarteo-Lugo, Deputy Miranda, Deputy
                                             Varoni, Deputy Maldonado, Deputy Kramer,
18                                           Deputy Tarango, Deputy Steele, Deputy
                                             Bergert, Deputy Tesillo
19

20

21

22

23

24

25

26

27

28

                                    14
                                                                  Answer to second amended complaint