| | |
|---|---|
| 1 | Arthur K. Cunningham, SBN 97506 |
| |    E-Mail: Arthur.Cunningham@LewisBrisbois.Com |
| 2 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | 650 East Hospitality Lane, Suite 600 |
| 3 | San Bernardino, California 92408 |
| | Telephone: (909) 387-1130 |
| 4 | Facsimile: (909) 387-1138 |

Arthur K. Cunningham, SBN 97506
  E-Mail: Arthur.Cunningham@LewisBrisbois.Com
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: (909) 387-1130
Facsimile: (909) 387-1138

Christopher D. Lockwood, SBN 110853
  E-Mail: Christopher.Lockwood@AriasLockwood.com
ARIAS & LOCKWOOD
1881 S. Business Center Drive, Suite 9A
San Bernardino, CA  92408
Telephone: (909) 890-0125
Facsimile: (909) 890-0185

Attorneys for Defendants Sergeant Ayala, Deputy Figueroa, Deputy Pearson, Deputy Lopez, Deputy Cordero, Deputy Llanos, Deputy Hinson, Deputy Caverley, Deputy Rodarteo-Lugo, Deputy Miranda, Deputy Varoni, Deputy Maldonado, Deputy Kramer, Deputy Tarango, Deputy Steele, Deputy Bergert, Deputy Tesillo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY H. GARCIA, individually and as successor-in-interest to Estate of Phillip Soto Garcia, Jr. (Deceased); ANGELO GARCIA; and PHILLIP J. GARCIA, <br><br>               Plaintiff, <br><br>vs. <br><br>SERGEANT AYALA et al, <br><br>               Defendants. | CASE NO.:   5:18 CV 839 SJO (ASx) <br><br>OBJECTIONS TO PLAINTIFFSø PROPOSED VOIR DIRE QUESTIONS (DOCKET NUMBER 116) |

1

The only valid purpose of voir dire questions is obtaining information to allow counsel to exercise challenges either for cause or peremptory. <u>Darbin v. Nourse</u>, 664 F.2d 1109, 1112-1113 (9th Cir. 1981); <u>Jones v. Wellham</u>, 104 F.3d 620, 630 (4th Cir. 1997); <u>De Pue v. Sears, Roebuck & Co</u>., 1992 U.S. Dist. Lexis 21487, *3-4 (W.D. Mich. 1992).

One of the main reasons federal judges usually conduct voir dire rather than allowing counsel to ask questions is to avoid improper attempts by counsel to start closing arguments during voir dire, to submit õevidenceö though voir dire questions which is not admissible at trial, and to ask jurors how they would vote if specified evidence were presented. <u>De Pue</u>, *5 (õa properly conducted voir dire examination aspires to identify bias and prejudice, *not to implant it*.ö); <u>Sandidge v. Salen Offshore Drilling Co</u>., 764 F.2d 252, 257 (5th Cir. 1985) (it would be improper to ask questions which õasked the jury how it would weigh evidence it had not heardö or õwhether they would be impressed by certain types of testimony on damagesö); <u>Hoffman v. Sterling Drug, Inc</u>., 374 F. Supp. 850, 859 (M.D. Penn. 1974) (question asking jurors whether they would award substantial damages if the evidence supported it is improper).

Voir dire questions should be neutral, not argumentative questions phrased in a manner which favors one side. <u>United States v. Toomey</u>, 764 F.2d 678, 683 (9th Cir. 1985) (õthere is no requirement that the court propound argumentative questions on voir direö); <u>LaMar v. Ishee</u>, 2010 U.S. Dist. Lexis 135506, *76 (S.D.Ohio 2010) (õargumentative or sarcastic questions are never appropriate in voir direö).

> Robinson's argument for a voir dire which would have educated the venire about this "black inner-city culture" theory misconstrues the purpose of voir dire. The constitutional (as opposed to the advocate's) purpose of voir dire is not to educate the veniremen about any particular facet of the case nor to condition them to embrace any theory (not already established as a matter of law or to be established by the use of expert witnesses). Its role is simply to ensure that the jury to be impaneled will be an impartial one. [Citation] <u>United States v. Robinson</u>, 832 F.2d 366, 368 (7th Cir. 1987).

2

Most of the questions Plaintiffs submitted are proper, but some clearly cross the line and Defendants object.

**PROPOSED QUESTIONS TO WHICH DEFENDANTS OBJECT**

| Proposed question | Objections |
|---|---|
| 10. Have you, or anyone close to you, ever had a seizure or been diagnosed with epilepsy or seizure disorder? a. If yes, please describe. | This is an attempt to submit õevidenceö through voir dire questions and it is not relevant to potential challenges to jurors. |
| 25. Do you believe that jail inmates have too many legal rights?  a. If yes, explain. | This is an argumentative and abstract question unrelated to the issues to be tried. |
| 26. Do you believe that protecting law and order is more important that preserving constitutional rights?  a. If yes, explain. | This is an argumentative and abstract question unrelated to the issues to be tried. The meaning of õlaw and orderö is also vague. |
| 28. Do you believe that whatever happens to people while in law enforcement custody is their own fault for having been arrested? a. If yes, explain. | This is an argumentative question. |
| 29. Can you follow a jury instruction that you are not to give a deputy/officer or correctional officerøs testimony greater weight because he/she is a deputy officer? | There is no valid basis for the proposed jury instruction.  See docket number 110, pages 8-10. |
| 30. Do you believe that jail inmates are less deserving of protection of their legal and civil rights than other citizens? a. If yes, why? | This is an argumentative question. |
| 31. Do you have reservations about the | This is an argumentative and abstract |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | importance of laws and policies that deputies/officers are required to follow to uphold the civil rights of people they have arrested or are in-custody?<br>a. If yes, please describe. | question. |
| 6<br>7<br>8<br>9 | 32. Do you think anyone should be able to second-guess a deputy or correctional officer's decision to or not to obtain medical assistance for someone in custody? | This assumes facts contrary to the evidence and is argumentative. Decedent was seen by medical and mental health personnel. |
| 10<br>11<br>12<br>13<br>14<br>15<br>16 | 33. Would you hesitate to hold a deputy or correctional officer responsible for injuries in a civil case if the evidence establishes that the injuries occurred as a result of the deputy or correctional officer's failure to summon medical care for someone in custody? | This assumes facts contrary to the evidence and is argumentative. Decedent was seen by medical and mental health personnel. |
| 17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | 34. Do you think anyone should be able to second-guess a deputy or correctional officer's decision to or not to provide food or water for someone in custody? | This assumes facts contrary to the evidence; decedent was held in a cell with a water fountain, and defendants made no decisions concerning meals while decedent was in that cell. For the three hour time period applicable to defendants it is argumentative and it omits the context: a decision made based on decedent's violent actions which made it unsafe to provide water. |
| 26<br>27<br>28 | 35. Would you hesitate to hold a deputy or correctional officer responsible for injuries | This assumes facts contrary to the evidence; decedent was held in a cell with a water |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | in a civil case if the evidence establishes that the injuries occurred as a result of the deputy or correctional officer's failure to provide food or water for someone in custody? | fountain, and defendants made no decisions concerning meals while decedent was in that cell.  For the three hour time period applicable to defendants it is argumentative and it omits the context: a decision made based on decedent's violent actions which made it unsafe to provide water. |
| 8<br>9<br>10<br>11<br>12<br>13<br>14 | 36. Would you hesitate to hold a deputy or correctional officer responsible for injuries in a civil case if the evidence establishes that a deputy or correctional officer violated someone's constitutional rights?<br>a. Would it matter if that "someone" was an inmate? | This is argumentative and abstract and it erroneously assumes that damages can be awarded absent proof of injury |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 37. When jail inmates do not comply with orders of law enforcement officers, do you believe that the inmate(s) deserve whatever happens to them, including being beaten physically?<br>a. If yes, would it make a difference if the inmate was physically disabled (i.e. deaf) or psychologically unable (i.e. Psychosis) to comply?<br>i. If yes, why? | This is highly argumentative and assumes facts contrary to the evidence.  Decedent was never "beaten."  Nor was decedent physically disabled or psychologically unable to comply. |
| 25<br>26<br>27 | 38. Do you believe that jail inmates have no right to be free from deputies using excessive physical force against them while | This is argumentative and assumes excessive force was used |

28

5

| | |
|---|---|
| incarcerated? | |
| 39. Do you think that while Riverside County Deputies might use physical force against a person, they wouldn't use unreasonable or excessive force? a. If yes, explain. | This is argumentative and assumes excessive force was used |
| 40. Would you have trouble believing that Riverside County Deputies would repeatedly use unreasonable force against a person? a. If yes, explain. | This is argumentative and assumes excessive force was used repeatedly |
| 41. Would you be hesitant or less willing to hold deputies fully accountable for use of excessive force upon an inmate if it occurred when an inmate was experiencing a mental health crisis? | This is argumentative, assumes excessive force was used, and assumes decedent had a "mental health crisis" |
| 42. Do you believe that Riverside County Sheriff's Deputies would not intentionally violate Department policies concerning the treatment of jail inmates? a. If yes, why? | This is argumentative and assumes liability for not complying with jail policies, which is contrary to law |
| 43. Do you believe that deputies or correctional officers are required to treat jail inmates with more respect than the inmates deserve? | This is argumentative and abstract |
| 44. Do you believe that if deputies or correctional officers see another deputy or | This is argumentative and assumes there was excessive force |

6

| | |
|---|---|
| correctional officer using excessive force or violating an [sic] someone's constitutional rights they should intervene and stop that person? | |
| 45. Do you think that while a deputy might be wrong or make a mistake, the deputy wouldn't make a serious mistake?<br>a. If yes, explain. | This is argumentative |
| 46. Do you believe that Riverside County Sheriff's Deputies would not knowingly use excessive force against jail inmates?<br>a. If yes, why? | This is argumentative and assumes there was excessive force |
| 47. Do you believe that Riverside County Sheriff's Deputies would not harm jail inmates maliciously or sadistically?<br>a. If yes, why? | This is argumentative and assumes defendants harmed decedent "maliciously and sadistically" |
| 64. In this case, you will hear that several deputies and correctional officers caused multiple injuries to Phillip Garcia, deprived him of food and water, and failed to seek medical care, all of which resulted in his death. Would you have opposition to the family of a jail inmate requesting a large sum of money from all of the participating deputies and correctional officers?<br>a. If yes, explain. | This is opening statement, not a voir dire question, and it assumes facts contrary to the evidence.  Decedent was held in a cell with a water fountain, and defendants made no decisions concerning meals while decedent was in that cell.  Decedent was seen by both medical and mental health personnel.  For the three hour time period applicable to defendants it is argumentative and it omits the context: a decision made based on decedent's violent actions which |

| | | |
|---|---|---|
| 1 | | made it unsafe to provide water. |
| 2-5 | 68. Do you believe that deputies/officers working in the jail sometimes need to be able to bend the law a bit in order to endure security in the jails? | This is argumentative and assumes defendants "bent the law" |
| 6-10 | 69. Do you believe that deputies/officers should be given more leeway in following policies about use of force against jail inmates if the inmates purposefully seek to annoy or provoke deputies/officers? | This is argumentative and assumes decedent purposely annoyed or provoked defendants |
| 11-14 | 70. Do you believe there are circumstances in which law enforcement officers should be excused for using illegal force against jail inmates? | This is argumentative and assumes defendants used "illegal force" |
| 15-21 | 77. There will be evidence in this case that Phillip Garcia may have been suffering from a mental crisis, a psychosis, or the confusional state brought on by having suffered a seizure. Would that make it a little bit harder for you to find in favor of the plaintiff? | This is argumentative and assumes things plaintiffs will not be able to prove at trial |

Other proposed questions are proper if phrased in a neutral manner, or if followed up with the opposite questions, but are objectionable if given by themselves.

| | | |
|---|---|---|
| 25-28 | 17. Have you, or anyone close to you, ever had a significant positive experience with the Riverside County Sheriff's Department, its deputies, or other any other law | This should be phrased as "a significant positive *or negative* experience" or should be followed by a question about significant negative experiences. |

| | |
|---|---|
| enforcement agency or officers?<br>a. If yes, please describe. | |
| 18. Do you have a positive opinion of the Riverside County Sheriff's Department or of individual deputies or employees?<br>a. If yes, please describe. | This should be phrased as "positive *or negative* opinion" or should be followed by a question about negative opinions. |
| 19. Have you read or heard anything favorable about the Riverside County Sheriff's Department or of individual deputies or employees? | This should be phrased as "favorable *or unfavorable*" or should be followed by a question about anything negative. |
| 20. Do you have a positive opinion of Riverside County jails? | This should be phrased as "positive *or negative* opinion" or should be followed by a question about negative opinions. |
| 21. Have you read or heard anything favorable about Riverside County jails? | This should be phrased as "favorable *or unfavorable*" or should be followed by a question about anything negative. |

One set of questions was improperly included three times.

| | |
|---|---|
| 27. Do you think a deputy or correctional officer's testimony, under penalty of perjury, is more trustworthy than the average person's testimony?<br>a. Why?<br>58. Do you believe that deputies/officers are more honest when testifying that other witnesses?<br>57. Do you believe that deputies/officers would not knowingly misstate facts in their written reports or in testimony given under oath? | Asking the question *once* is potentially relevant to bias. Asking it three times is redundant and is an indirect way of telling the jury to distrust the testimony of law enforcement officers. |

9

DATED: June 11, 2019          ARIAS & LOCKWOOD

<pre>
                    /s/
Christopher D. Lockwood
Attorneys for defendants Defendants Sergeant
Ayala, Deputy Figueroa, Deputy Pearson, Deputy
Lopez, Deputy Cordero, Deputy Llanos, Deputy
Hinson, Deputy Caverley, Deputy Rodarteo-Lugo,
Deputy Miranda, Deputy Varoni, Deputy Tarango,
Deputy Steele, Deputy Bergert, Deputy Tesillo
</pre>